Mayor, etc., of Milledgeville *vs.* Cooley.

---

Mayor and Aldermen of the City of Milledgeville plaintiffs in error, *vs.* John Cooley, defendant in error.

1. A municipal corporation is bound to keep its streets and sidewalks in a safe condition for travel in the ordinary modes, by night as well as by day, and in case of failure to do so, it is liable for damages resulting therefrom.
2. Upon the trial of an action against a municipal corporation for damages resulting from a failure to keep one of its streets in repair, evidence of a want of means with which to keep the same in repair without detriment to more important streets, was irrelevant.

Municipal corporations. Streets. Evidence. Before Judge Bartlett. Baldwin Superior Court. February Term, 1875.

Upon the trial of this case the defendants proposed to show by Lyman H. Compton, one of the aldermen, and by the introduction of the city tax digest, that with the means at the command of the city authorities, it was impossible to keep the street in repair, in which the injury occurred, without neglecting more important streets. This evidence was excluded, and such ruling was made one of the grounds of the motion for new trial.

For the remaining facts, see the decision.

BARROW & BARROW, by brief, for plaintiffs in error.

SANFORD & FURMAN; J. W. PRESTON, for defendant.

WARNER, Chief Justice.

The plaintiff brought his action against the defendant to recover damages sustained by him in falling into a deep ditch or gully across one of the public streets of the city, which the defendant wilfully allowed to remain there, of the depth of fifteen feet; that the defendant, in walking along said street in the night time, fell into said ditch or gully and broke his arm. On the trial of the case, the jury found a verdict in favor of the plaintiff for the sum of $400 00. The defendant made a motion for a new trial on the several grounds therein set forth, which was overruled by the court, and the defendant excepted.

1. It appears from the evidence in the record that the gully across the street had been there for some time, and must have been known to the defendant; that it was from three to fifteen feet deep; about four feet deep where the plaintiff fell into it and broke his arm; that it was a dark, rainy night, and plaintiff was unacquainted with the street. It is a general rule of law that a municipal corporation is bound to keep its streets and sidewalks in a safe condition for travel, in the ordinary modes, by night as well as by day; and if it fail to do so, it is liable for damages for injuries sustained in consequence of such failure: *The City of Atlanta vs. Perdue,* 53 *Georgia,* 607.

2. There was no error in ruling out the evidence of Compton, as set forth in the record, or in rejecting the tax digest of the city, inasmuch as that evidence was not relevant to the issue on trial before the court. The jury were the proper judges as to the condition of the defendant's street, as well as of the fault of the plaintiff at the time he was hurt, under the evidence before them; and they having found a verdict in favor of the plaintiff, we will not control the discretion of the court in refusing to disturb it, in view of the evidence contained in the record.

Let the judgment of the court below be affirmed.