MASSEY *vs.* THE MAYOR, ETC., OF COLUMBUS.

A city is bound to keep its streets in a reasonably safe condition for persons to pass thereon by night as well as by day; but if a person could have avoided injury from the existence of an open sewer in the middle of a street by the use of ordinary diligence, the city would not be liable therefor.

November 17, 1885.

Municipal Corporations.    Streets and Sidewalks.    Damages.    Negligence.    Before Judge WILLIS.    Muscogee Superior Court.    November Adjourned Term, 1884.

Massey brought suit against the Mayor and Council of Columbus for damages to himself and his horse, buggy and harness, caused by running into a gully left open in that city.    On the trial, the evidence for the plaintiff was, in brief, as follows:    The plaintiff lived about seven miles from the city, and had visited there for a number of years. He knew that some of· the streets had drains open in the center of them, but could not say whether all the streets running north and south were so drained.    McIntosh street, on which the injury occurred, ran in that direction.    He knew that there was a low place in the center of it by which it was drained, but when he last passed that place, early Monday morning, there was no ditch there.    He returned Thursday night about eight o'clock.    It was dark, and in attempting to cross the street, his buggy ran into a ditch, his horse became frightened and ran away, throwing the plaintiff out,·tearing up the buggy and injuring himself.    The gully was dug by the city hands deepening the drain and throwing the dirt out of it on each side.    It was about three or four feet wide, and was estimated at between one and a half and two and a half feet deep from the top of the dirt thrown out.    The roadway was wide enough for travel on each side of the drain, and there were cross-streets running east and west at the end of every block.    The city hands were at work on the ditch the day after the injury, and had been for some days before.    The sides of the ditch were steep and not sloping. Plaintiff was driving slowly when his buggy ran into the gully.

. The evidence for the defendants was, in brief, as follows: The system of drainage in Columbus is by open drains in the streets, running north and south, and the drain in the street where the plaintiff was hurt had been there for

twenty or thirty years.   There were crossings where the streets running east and west intersected those running north and south.   The drain was worked out by the city, and when the plaintiff was injured, it was three or four feet wide and about eight or ten inches deep, counting from the top of the dirt thrown out of it; the sides were sloping, and by driving carefully, a person could cross, and it was often done.   It was necessary to do this work to drain the street.   Since then it has been found that the drain was not deep enough, and it has been dug out to about thirty inches in depth.   The street was 132 feet wide, of which the sidewalks occupied 30 feet, leaving nearly fifty feet of clear street on each side of the drain.

There was other testimony, as to the extent of the injury, which need not be set out in detail.   The jury found for the defendants.   The plaintiff moved for a new trial, one ground of the motion being the following charge of the court:   "If, however, a man could, by using ordinary care, have prevented the damage to himself, then he would not be entitled to recover damages; it don't make any difference in what condition they were; if, by ordinary care, he could have avoided the damage that he sustained, then he would not be entitled to recover any damages whatever; therefore the first question that you will consider in this case is, did the city of Columbus keep its streets, sidewalks and bridges in such a condition as they could be safely traveled in the ordinary way of traveling, the usual mode of traveling through its streets by day and by night?   If they did keep them in that condition, then they are not liable for any damage at all; but if they failed to keep them in that condition, then they are liable, provided the plaintiff in this case could not have avoided the damages that resulted to him, if any did result to him on that occasion.   If one, without necessity, without its being necessary, either for his pleasure or his convenience, deviates from the traveled track, it being in good condition, and in so doing meets with an accident from some cause outside

of the track, then the town will not be liable for damages that he may have sustained on that occasion."

The motion was overruled, and the plaintiff excepted.

C. J. THORNTON, for plaintiff in error.

HATCHER & PEABODY, for defendants.

BLANDFORD, Justice.

The error complained of in this case is as to the charge of the court. The facts showed that the plaintiff lived near the city of Columbus; that he knew that in the streets of this city, runing north and south, there was an open sewer in the middle of the street, which street was one hundred and thirty-two feet wide; that there was more than fifty feet on each side of the sewer, which was safe for traveling. The streets running north and south intersected with streets running east and west. The latter streets had no sewers open in them ; all were safe for traveling. The plaintiff left the track which was safe, and drove into the sewer, which was five or six feet wide and eight or ten inches deep, whereby, as he alleges, his buggy was broken, his horse injured, and he himself damaged; whereas, if he had continued on the street, which was in good order and safe for traveling, to the intersection of the street running east and west, no damage or accident would have occurred ; but he sought to cross the street he was on and the sewer, which had been recently cleaned out, and his horse became frightened when he got into the sewer, ran away, and the damage ensued. The court, in substance, charged the jury that the city was bound to keep its streets in a reasonably safe condition for persons to pass thereon in safety by night as well as in the day ; but if the plaintiff could have avoided the injury by the use of ordinary diligence on his part, the city would not be liable. In our opinion, the charge of the court was right; it was in accord with several decisions of this court. 63 *Ga.*, 295; 55 *Id.*,

17; 66 *Id.*, 195.   Plaintiff's own testimony shows that he must have known that there was an open sewer in the middle of the street.   His common sense would have taught him that the city would have to clear out the same at some time; and if he voluntarily departed from a track which was safe and drove into the sewer, he ought not to recover.

Judgment affirmed.