## BELLAMY vs. THE CITY OF ATLANTA.

1. The charge of the court in this case was not a full and fair presentation of the law applicable to it. It was argumentative, and presented the law more favorably to the defendant than it was entitled to.

2. It is the duty of a city to keep its streets and sidewalks in a reasonably safe condition, so that a person can pass thereon in safety by day or night; and for neglect to do so, it will be liable for injuries caused thereby. If the defect has existed for some time, the city is chargeable with notice thereof, and if it could have ascertained the defect, its failure to do so is negligence on its part, and its liability is the same as if it had notice of such defect. It was, therefore, error to charge that the defect must have been of such a character, so open and notorious, and must have existed such a length of time, in the judgment of the jury, to charge the city with notice.

February 9, 1886.

Charge of Court. Municipal Corporations. Streets and Sidewalks. Before Judge CLARKE. City Court of Atlanta. March Term, 1885.

Bellamy brought suit against the city of Atlanta to recover for an injury alleged to have been occasioned by his stepping into a hole or sunken place left open in the sidewalk. Under the charge of the court, the jury found for the defendant. The plaintiff moved for a new trial, on a number of grounds, most of them relating to rulings in regard to the admission and rejection of evidence. To understand the decision, it is necessary to set out only two grounds of the motion for a new trial, as follows:

(1.) Because the court charged as follows : " I charge you further, gentlemen of the jury, that negligence in this case is not to be presumed against the city, but that must be proved by evidence, and the burden of proving negligence against the city is upon the plaintiff in this case, and that the defendant, the city, is guilty of that negligence. Now I hope that you understand me, that you are not allowed to presume negligence against this defendant. The plaintiff must prove it; the burden is on him to do it, and he must prove that the city was guilty of this negligence."

(2.) Because the court charged as follows: " I charge you, gentlemen of the jury, that before you could charge the city with notice of this alleged defect, the defect must have been of such a character, so open and notorious, has existed such a length of time, in the judgment of the jury, to charge the city with notice."

The motion was overruled, and the plaintiff excepted.

READ & CANDLER ; REUBEN ARNOLD, for plaintiff in error.

W. T. NEWMAN; E. A. ANGIER, for defendant.

BLANDFORD, Justice.

The charge of the court in this case is open to several serious objections. In the first place, it is not a full and fair presentation of the law of the case. Truly

it is argumentative and presents the law more favorable to the defendant than it was entitled to.

It is the duty of the city to keep its streets and sidewalks in a reasonably safe condition, so that persons can pass thereon in safety by day or night; and for neglect to do so, the city would be liable for injuries caused by such neglect. If the defect, as in this case, had existed some time, then the city is chargeable with notice of such defect. If the city could have ascertained the defect, its failure to do so is negligence on its part, and its liability is the same as if it had notice of the same. So we think that the charge of the court contained in the 12th ground of the motion for new trial, " that the defects must have been of such a character, so open and so notorious, and existed such a length of time, in the judgment of the jury, as to charge the city with notice," was error.

Whether the court committed error in admitting or rejecting evidence offered on the trial, we presume the court will correct the same on the next trial of the case. A new trial is ordered in this case.

Judgment reversed.