## HERRINGTON *v.* MAYOR AND COUNCIL OF MACON.

1. Error of law having been committed in this case, and a new trial having therefore been properly granted, it is unnecessary to rule on grounds of the motion for a new trial alleging that the verdict is contrary to the law and evidence.

2. The following charge did not contain an accurate statement of the law applicable to the case: "If you believe, from a consideration of the evidence in the case, that the defendant city was negligent, and that the act of the child was proximate to his own injury, and that such act was of a character naturally to be expected of a child of his age,

the plaintiff would be entitled to recover, provided. you believe, from a consideration of the evidence, that this act of this child was in accordance with the usual, natural, ' expected indiscretions characteristic of the average child of his years and development at the time of the alleged injury."

3. Expressions in a charge which seemed to measure the conduct of a particular child under consideration by what might be expected of the average child of its age were erroneous.

4. Even if a municipal corporation may not be required by law to open for public travel and keep in good repair all parts of a broad street, yet, if it opens a street for public travel, such street must be kept reasonably safe for such use; and if it negligently leaves a dangerous excavation or ditch across or in a sidewalk without providing it with necessary railing or other means of protection, after notice or being charged with notice, and injury to one passing along the highway results: therefrom, it will be liable, unless the injured person is prevented from recovering by reason of his own negligence.

5. In an action by a child, suing by his next friend, for a personal injury alleged to have arisen from the negligence of a municipal corporation in leaving one of its sidewalks in a dangerous condition, any negligence on the part of his mother in failing to keep him from danger could not be imputed to the plaintiff himself.

Argued November 28, 1905.—Decided March 23, 1906.

Action for damages. Before Judge Hodges. City court of Macon. December 31, 1904.

J. R. Herrington, by his next friend, brought suit against the Mayor and Council of the City of Macon, seeking to recover on account of an injury alleged to have been sustained by him while walking on a sidewalk of a public street of Macon, by falling into a deep ditch or excavation across the sidewalk, which was left without being fenced or having other protection placed to prevent people passing from falling into it. He recovered a verdict for $2,500. A motion for a new trial was made by the defendant, which was. granted, and the plaintiff excepted. The bill of exceptions states. that this was the second trial, the former verdict having. been for $5,000.

*A. L. Dasher,* for plaintiff. *Minter Wimberly,* for defendant.

LUMPKIN, J. (After stating the foregoing facts.)

1-3. Our excellent brother of the city court of Macon, who tried this 'case, apparently thought that he had erred, and granted a new trial. This court is urged to declare that he erred in so thinking. But we can not do it.

. In several parts of his charge the court compared the conduct of

the plaintiff with that of the average child of its age. If a child of four and a half years of age was capable of being guilty of contributory negligence, this was not a correct statement of the rule. Due care in a child of tender years is such care as its capacity, mental and physical, fits it for exercising in the actual circumstances of the occasion and situation under investigation. Civil Code, §2901. The average child of its own age is not the standard by which to measure its legal diligence with exactness. "Such care as the capacity of the particular child enables it to use naturally and reasonably, is what the law requires." *Western and Atlantic R. Co.* v. *Young,* 81 *Ga.* 397. If the charge had stopped here, it would probably not have been injurious to the defendant. But the court further charged: "If you believe, from a consideration of the evidence in the case, that the defendant city was negligent, and that the act of the child was proximate to his own injury, and that such act was of a character naturally to be expected of a child of his age, the plaintiff would be entitled to recover, provided you believe, from a consideration of the evidence, that this act of this child was in accordance with the usual, natural, expected indiscretions characteristic of the average child of his years and development at the time of the alleged injury."

4. The court was asked to charge, that the defendant city was not bound to keep all of its streets and all parts of its streets in good repair; that when it opened a street and invited public travel, such street must be made reasonably safe for that use, but that this did not necessarily imply, as a matter of law, that the whole width of the street must be in good condition; that whether the street was wide enough to be safe, and whether it was in a reasonably safe condition for public use by travelers who used ordinary care to avoid injury, were questions for the jury. This request is copied from 2 Dillon on Municipal Corporations (2d ed.), §1006, and may be a correct abstract statement of a general rule; but it is also true that it is the duty of a municipal corporation, as to its streets and sidewalks open for use by the public, to keep them in a reasonably safe condition for passage. If it negligently permits a dangerous obstruction or excavation in one of its public sidewalks to remain after actual notice, or being charged with notice thereof, without proper guard or other protection, it is liable for a resulting injury, unless the injured person is prevented from recovering by reason

of his own negligence. In this case the plaintiff was a child of only four and a half years of age when the injury occurred, and the measure of diligence required of an adult of ordinary prudence would not be required of him, as already seen. It may be that, under proper authority, a city may temporarily or even permanently close a street or a portion of a street, or it may not be bound to have all parts of the streets in absolutely the same condition, but it is bound to use ordinary care to keep its public streets and sidewalks which are open for public use in a reasonably safe condition for passage. We express no opinion on the facts as to whether there was negligence on the part of the city or not, but the rule above stated is well established in this State. *Parker* v. *Macon*, 39 *Ga.* 725; *Bellamy* v. *Atlanta*, 75 *Ga.* 167; *City of Greensboro* v. *McGibbony*, 93 *Ga.* 672; *Idlett* v. *Atlanta*, 123 *Ga.* 821. "The duty of a city to keep a sidewalk reasonably safe for public use extends to all of the sidewalk intended for travel by the public as a thoroughfare, and is not confined to keeping in a safe condition a special part only of the sidewalk which happens to be most generally used." *City of Atlanta* v. *Milam*, 95 *Ga.* 135; *City Council of Augusta* v. *Tharpe*, 113 *Ga.* 153(3); *City of Rome* v. *Stewart*, 116 *Ga.* 738. On the general subject of injury to children from defects, excavations, or obstructions in streets, see City of Indianapolis v. Emmelman, 108 Ind. 530 (58 Am. R. 65); City of Chicago v. Hesing, 83 Ill. 204 (25 Am. R. 378); Chicago v. Major, 18 Ill. 349 (68 Am. Dec. 553); City of Chicago v. Keefe, 114 Ill. 222 (55 Am. R. 860).

5. If there was any negligence on the part of the mother of the plaintiff, it can not be imputed to the child, in an action for damages by the latter. Civil Code, §2902; Bellefontaine and Indiana R. Co. v. Snyder, 18 Ohio St. 399 (98 Am. Dec. 175).

We can not say that the court erred in granting a new trial. But as a new trial is to be had on legal grounds, we say nothing as to the evidence.

*Judgment affirmed. All the Justices concur, except Atkinson, J., who did not preside.*