## 3805. HOLLIDAY *v.* MAYOR AND COUNCIL OF ATHENS.

1. It is the duty of a municipal corporation having control over its highways to keep them in a reasonably safe condition for travel.

2. Where municipal authorities undertake the repair or improvement of a public street, they are bound to take such precautionary measures for the protection of persons having a right to the use of the street as ordinary care and diligence would require.

3. An obstruction placed in a public street for the purpose of closing it to travel while repairs are under way must be of such a character and be maintained in such a way as to protect from danger persons who attempt to travel along the street in an ordinarily prudent manner.

4. If a person attempting to travel along a public street is injured by coming in contact with a rope stretched across the street by the municipal authorities in order to close the street for repairs, he can not recover damages from the municipality, if by the exercise of ordinary care he

could have discovered the rope in time to have avoided striking it, or if, after discovering the obstruction, he failed to exercise a like degree of diligence to avoid injury to himself.

5. If both the city and the traveler are free from fault, the injury will be attributed to accident, and no recovery can be had.

6. Where, in the trial of an action for damages growing out of a tort alleged to have been committed by the defendant, the plaintiff alleges his own freedom from fault and the defendant's negligence, and the defendant pleads its freedom from fault, and negligence on the part of the plaintiff, and there is evidence authorizing a finding that neither party was at fault, it is not error to instruct the jury upon the law applicable to accidental injury.

7. Alleged newly discovered evidence which is merely cumulative and impeaching in its character is not cause for a new trial.

8. The following charge of the court was not erroneous: "You will then determine, from the evidence, whether or not the plaintiff, at the time of discovering the obstructions, did all acts and used such precaution that a prudent man would have done and used for his own safety under similar circumstances and surroundings."

9. It was not, under the facts of the present case, error requiring the grant of a new trial to charge the jury as follows: "I charge you, as a proposition of law, that if there was anything present at the time and place of injury which would cause an ordinarily prudent person to reasonably apprehend the probability of danger to him in doing an act which he is about to perform, then he must take such steps as an ordinarily prudent person would take to ascertain whether such danger exists, as well as to avoid the consequences of the same after its existence is ascertained; and if he fails to do this and is injured, he will not be allowed to recover, if, by taking proper precaution, he could have avoided the consequences of the negligence of the defendant, if there was any negligence."

10. There was no prejudicial error in this instruction: "If, upon the other hand, the plaintiff, at the time of passing along Hancock avenue in the direction of the rope in question, was not in the exercise of that observance and lookout for defects or obstructions in the street that a prudent man would have exercised under similar circumstances or surroundings, then he was not in the exercise of that care which the law required him to exercise for the discovery of danger; and if injured, his injury would be attributable to his own negligence; or if, after discovering the obstruction, he failed to do those acts and use that precaution that a prudent man would have done and used to prevent the accident and for his own safety under similar circumstances or surroundings, and if injured, his injury would be attributable to his own negligence; and in either event he would not be authorized to recover." The charge is not subject to the criticism that it instructed the jury as to what facts would constitute negligence.

11. There was no error of which the plaintiff could complain in the following charge: "In a nutshell: If the mayor and council placed or had placed the obstruction in the street, and the obstruction was not such as a prudent municipality would have placed, under like circum-

stances or surroundings, and Dr. Holliday was injured by reason thereof, he can recover, provided he was in the exercise of ordinary care in discovering the obstruction and preventing his injuries, or that he could not have avoided the injury by the exercise of ordinary care on his part. If he was not in the exercise of such care, then he can not recover."

12. The following charge was free from substantial error: "I charge you, whatever the law required positively the defendant to do, a failure to do so is negligence, and in this case the law required the city to keep the streets in safe condition for travel in the ordinary modes, and if you are satisfied, from the evidence, that he failed to do so, then I charge you that the defendant was guilty of negligence; the law also required the plaintiff to exercise ordinary care in using the street, and if you are satisfied, from the evidence, that he failed to do so, then I charge you that the plaintiff was also guilty of negligence; therefore, if you are satisfied, from the evidence, that the defendant was negligent, and such negligence resulted in injury to the plaintiff, and you are also satisfied, from the evidence, that the plaintiff was also negligent at the same time, and his negligence concurred with the negligence of the defendant, and, concurring with the negligence of the defendant, contributed to this injury of the plaintiff, so that plaintiff's negligence would become a proximate cause of the injuries, and that the plaintiff would not have been injured if he had not been negligent, even though the defendant was also negligent, the plaintiff, under such circumstances, could not recover for his injuries."

13. The following instruction stated correctly the rule of law applicable to the theory of the case presented by the evidence for the defendant: "If, upon the other hand, the plaintiff, in driving his car along the street in question, by the exercise of ordinary care on his part could have discovered the existence of the obstruction in the street, and, failing to do so, ran his car into the obstruction and was injured, his injuries would be attributable to want of care, and he would not be authorized to recover; or if, in the exercise of ordinary care, he discovered the obstruction in the street, and, after making such discovery, he could have prevented the accident and injury to himself by the exercise of ordinary care for his own protection, and failed to do so, and was thereby injured, he could not recover for such injuries, and you should so find."

14. In view of the entire charge, the following instruction, while inaccurate, will not require the granting of a new trial: "Where a party puts a witness on the stand, he is bound by his testimony, unless he has been entrapped by the witness, and will not be allowed to impeach his testimony."

15. As applied to the facts of this case, the following charge will not be held to be erroneous: "I charge you further, as a rule of law, that when one, knowing of the dangerous obstructions in a street, voluntarily undertakes to use such street, when there is another street free from obstruction, he is guilty of such negligence on his part as will preclude his right to recover damages for injuries sustained while using such obstructed street."

DECIDED MARCH 6, 1912.

Action for damages; from city court of Athens—Judge West. September 11, 1911.

*W. M. Smith, E. K. Lumpkin,* for plaintiff.

*F. C. Shackelford,* for defendant.

POTTLE, J. 1-4. The plaintiff, Dr. Holliday, received certain injuries to his person by being thrown from an automobile which came in contact with a rope stretched across Hancock avenue, in the city of Athens. The rope had been placed across the street by the municipal authorities, for the purpose of closing the thoroughfare to travel while certain repairs on the street were in progress. The plaintiff predicates his right to recover damages upon a claim that the city was negligent, both in the character of obstruction used and in failing to give sufficient warning and take sufficient precautionary measures for his protection. The city denied that it was negligent at all. It averred that the rope was nearly two inches in diameter and such as was customarily used for the purpose; that it could have been seen by the plaintiff for 150 to 200 yards before he reached it; that the plaintiff was driving his automobile at a negligent rate of speed, in excess of that authorized by the city ordinance, and that the plaintiff was injured, not on account of any negligence of the defendant, but on account of his own negligence and failure to exercise ordinary care. It would not be profitable to discuss the evidence in detail. The jury settled the issues of fact in favor of the defendant. There was ample evidence to support this finding. The jury were warranted in finding that the plaintiff was guilty of negligence, both in reference to the speed at which he was driving his machine and in reference to his failure to observe ordinary care for his own protection. There is no new law involved in the case. The city, of course, had a right to close the street for travel while the repairs were under way. It was its duty to take such precautionary measures for the protection of the plaintiff and others having a right to use the street as ordinary prudence would dictate. Just what these precautions should have been and just what warnings should have been given, and what character of obstruction should have been adopted to close the street, were all questions of fact for the jury. The plaintiff was under a corresponding duty to exercise ordinary care for his own protection. Generally speaking, the question as to what acts he should have performed to avoid injury to himself were also

questions of fact for the jury. But it was certainly incumbent on the plaintiff, as a matter of law, to use his eyesight for the purpose of discovering any obstruction which might have been placed in the street. For instance, it would be gross negligence for a municipal corporation to leave exposed and unprotected a hole in one of its streets, but if one using the street deliberately and intentionally closed his eyes and failed to see such an obvious danger, when if he had looked he could have seen it, it would be said as a matter of law that he had failed to exercise ordinary care for his own protection. These principles are well settled by decisions of the Supreme Court. See *Mayor &c. of Savannah* v. *Waldner,* 49 *Ga.* 316; *Wilson* v. *Atlanta,* 63 *Ga.* 291; *Massey* v. *Columbus,* 75 *Ga.* 658; *Sheats* v. *Rome,* 92 *Ga.* 535 (17 S. E. 922); *City Council of Augusta* v. *Tharpe,* 113 *Ga.* 153 (38 S. E. 389); *Idlett* v. *Atlanta,* 123 *Ga.* 821 (51 S. E. 709).

5, 6. The plaintiff alleged that he was free from fault and that the defendant was negligent in failing to take proper precautions for his safety. The defendant pleaded that it had taken all of the precautions which ordinary care required, and that the plaintiff's injuries were the result of his own failure to exercise ordinary diligence. The plaintiff testified, that he did not know the rope was across the street; that the rope was of about the same color as the street, and for this reason he could not see it; that he was driving his machine at from five to six miles an hour; that he did not see the rope until he approached within ten or twelve feet of it, and that after he saw it he did everything to stop his machine before striking the rope. If these facts were to be believed, the plaintiff was free from fault. There was evidence for the defendant that the rope could have been easily seen by the plaintiff from 150 to 200 yards before he reached it, that it was a large rope such as was customarily used for the purpose of closing the street for repairs, and that the city was not negligent in reference to the matter of taking proper precautions for the plaintiff's protection. There was no specific plea averring that the plaintiff's injuries were due to an accident. After the jury had retired they were recalled and instructed that if they should find both the plaintiff and the defendant free from fault, he could not recover   It is contended that this instruction was erroneous because there was no plea of accidental injury, and it is urged that the charge was particularly

harmful because given disassociated from any other instructions and after the jury were recalled from their room. It is very clear that there was ample evidence to sustain a finding by the jury that neither the plaintiff nor the city was lacking in ordinary care. This being so, the theory of accident was involved in the case, and it was not error to give an instruction thereon. Inasmuch as there was no specific defense of accidental injury, the judge would not have been compelled to give an instruction upon this theory, certainly not in the absence of a written request, but he had a right to do so, and the fact that he recalled the jury, to give an additional instruction omitted from his general charge, will not be held to be prejudicial error.

7. During the trial a piece of rope was introduced in evidence by the city. One of its witnesses testified positively and unequivocally that he had cut this piece from the rope which was stretched across the street, and with which the plaintiff came in contact when he was injured. There was testimony in behalf of the plaintiff that the fragment of the rope introduced in evidence was cut from another rope, and that the one actually stretched across the street was smaller and of a darker color than was indicated by the piece introduced in evidence. One of the grounds of the motion for new trial is based upon the alleged newly discovered testimony of several witnesses corroborating the plaintiff's theory in reference to the piece of rope introduced in evidence on the trial. Opposed to the affidavits of this witness is an affidavit of the witness who had testified for the city, reiterating his statement that he had cut this piece of rope from the rope by which the plaintiff claimed he was injured. There were affidavits of two other witnesses for the city, tending to corroborate the affidavit of this witness. The alleged newly discovered evidence was manifestly cumulative and impeaching in its character, and for this reason was not cause for a new trial.

8-15. Complaint is made of numerous extracts from the judge's charge, which are set forth in the headnotes. The criticism of the charge contained in the 9th headnote is directed mainly at the use of the language in the concluding portion of the extract, to the effect that the plaintiff would not be allowed to recover if, "by taking proper precautions," he could have avoided the consequences of the defendant's alleged negligence. This was not an accurate

statement of the rule, but when the charge is considered all together, it is manifest that the court did not intend in this instruction, and the jury could not have understood him to intend, to hold the plaintiff to a higher degree of care than that of ordinary diligence. The language used by the trial judge was an exact quotation from *W. & A. R. Co.* v. *Ferguson,* 113 Ga. 713 (39 S. E. 306, 54 L. R. A. 802). Having instructed the jury that the plaintiff must take such steps as an ordinarily prudent person would have taken, it is manifest that the judge meant to say that the failure to use proper precautions would be equivalent to a failure to exercise ordinary diligence. It may be that the extract from the charge quoted in the 15th headnote stated the rule too broadly, but it was not erroneous when applied to the facts of the present case. Certainly, if the plaintiff knew the rope was stretched across the street, he had no right to drive his automobile into the rope at any rate of speed, and if he did so, he was guilty of such negligence as would preclude a recovery. Where a street is wholly and entirely obstructed to travel, one knowing of the presence of such an obstruction would not have a right to use the street, and would be guilty of negligence if he attempted to do so. In reference to the instruction set forth in the 8th, 10th, and 11th headnotes, the complaint is that the court should not have instructed the jury that it was necessary for the plaintiff to do any acts for his own protection, but should have left the jury to decide, first, whether or not the plaintiff should have done anything under the circumstances for his own protection, and, secondly, whether the things he did were such as would have been done by an ordinarily prudent person similarly situated. We think the court properly instructed the jury, as a matter of law, that it was necessary for the plaintiff to do everything that an ordinarily prudent person would have done, under the same circumstances, to protect himself from injury, and leave to their decision solely the question whether or not the plaintiff had done those things which ordinary diligence required him to do. The extract from the charge set forth in the 14th headnote contained an inaccurate expression. It is not a correct statement of the law to say that when a party puts a witness on the stand, he is bound by his testimony. The trial judge evidently did not intend his language to have the meaning which it seems to carry with it. Doubtless the judge intended simply to

. state the general rule that a party can not impeach his own witness unless he has been entrapped by the witness. Of course, a party litigant has a right to offer a witness who will testify to a different state of facts from those disclosed by other witnesses offered by the same party. We have, however, carefully read the entire charge of the trial judge in this case. The rules of law applicable to the issues made by the pleadings and the evidence are, in the main, correctly stated in it, and afford the plaintiff no just cause of complaint. In view of the fact that the verdict was abundantly supported by the evidence, and · taking into consideration the entire charge, which was eminently fair to both sides, it will not be held that this inaccurate verbiage in the extract referred to requires a reversal. We find no substantial error in the record, and the judgment overruling the motion for a new trial will be affirmed.

*Judgment affirmed.*