9495. SOUTHERN EXPRESS COMPANY *v.* HUGHES.

LUKE, J. 1. Under the facts developed in this case, the principles of law (1) that if both the plaintiff and the defendant were free from fault, the injury will be attributed to accident, and no recovery can be had, and (2) that it was incumbent upon the plaintiff to exercise ordinary care and diligence in using the streets, and (3) that if both parties were at fault, the damages should be apportioned, were entirely germane, and the judge erred in refusing to give in charge the requested instructions embodying these legal doctrines, which were couched in appropriate form and language, and were not covered by his charge to the jury. As to the principle of accident, see *Holliday* v. *Athens*, 10 *Ga. App.* 709 (74 S. E. 67); as to the failure to exercise ordinary care, see Park's Code, § 4426, and notes; and as to diminution of damages, see *Americus &c. R. Co.* v. *Luckie*, 87 *Ga.* 6, 7 (13 S. E. 105); *Hilton & Dodge Lumber Co.* v. *Ingram*, 135 *Ga.* 696 (70 S. E. 234); *Central Ry. Co.* v. *Madden*, 135 *Ga.* 205 (69 S. E. 165, 31 L. R. A. (N. S.) 813, 21 Ann. Cas. 1017); *Rollestone* v. *Cassirer*, 3 *Ga. App.* 161 (59 S. E. 442).

2. The remaining special grounds of the motion for a new trial are without substantial merit, or the alleged errors are such as are not likely to recur on another trial.

*Judgment reversed. Wade, C. J., and Jenkins, J., concur.*

DECIDED JANUARY 15, 1919.

Action for damages; from city court of Atlanta—Judge Reid. December 15, 1917.

*Robert C. & Philip H. Alston,* for plaintiff in error.