34964. HODGES *v.* CITY COUNCIL OF AUGUSTA.

DECIDED JUNE 1, 1954—REHEARING DENIED JUNE 23, 1954.

308

*Mixon & Chambers*, for plaintiff in error.

*Fulcher, Fulcher & Hagler,* contra.

NICHOLS, J. It is contended that this case is controlled by the following ruling in *City of Atlanta* v. *Key*, 42 *Ga. App.* 214 (155 S. E. 499): "The maintenance of a sewerage-drainage system of a municipality in a good working and sanitary condition is a governmental function (*City Council of Augusta* v. *Cleveland*, 148 *Ga.* 734, 98 S. E. 345), and the city is not liable for personal injuries to one who stepped into a basin-like depression in the pavement on a street, where the depression was made and maintained by the city for the purpose of forming a catch-basin to carry surface water into one of its sewers, and where the catch-basin or depression was a part of the general engineering plan of the city's sewerage-drainage system, and *where the depression did not cause any dangerous defect or obstruction in the street or adjacent sidewalks.*" (Emphasis supplied.) In that case, two judges, constituting a majority of the division of this court which decided the case, were of the opinion that the pleader's conclusion—that the catch-basin made the street unsafe and dangerous for persons using it in the usual and ordinary modes of travel—was not supported by the facts alleged. The dissenting judge thought that it was sufficiently pleaded that the catch-basin caused a dangerous defect and an unnecessary obstruction in the street. From the record in that case, it appears

that the facts there alleged are almost identical with those in the present case. The depression there described was in the form of a basin, some 12 or 14 inches in depth, semicircular in shape, and extending from the curb 20 or 30 inches into the street, with sides so steep that a person could not stand upon them. The law is correctly stated in the opinion, but the application of the law to the facts was erroneous. In that case, as in the present case, the question of whether the depression or catch-basin was a dangerous obstruction in the street should have been submitted to a jury.

A municipality is bound to use ordinary care to keep its public streets and sidewalks, which are open for public use, in a safe condition for travel in the ordinary modes, by night as well as by day, and in case of failure to exercise such care, the city is liable for damages resulting therefrom. *City of Atlanta* v. *Perdue*, 53 *Ga.* 607; *Mayor &c. of Milledgeville* v. *Cooley*, 55 *Ga.* 17; *Herrington* v. *Mayor &c. of Macon*, 125 *Ga.* 58 (54 S. E. 71). Proper construction or reconstruction is within the scope of the city's duty to keep a street, bridge, or sidewalk reasonably safe. *City of Atlanta* v. *Buchanan*, 76 *Ga.* 585; *Town of Belton* v. *Vinton*, 73 *Ga.* 99; *Bellamy* v. *City of Atlanta*, 75 *Ga.* 167. "The streets should be so graded as to render them reasonably safe for travel. . . One object of good streets and roads is to protect against accidents. The street should be reasonably safe for ordinary travel, including such accidents as might, without fault on the part of the traveler, befall him." *Wilson* v. *City of Atlanta*, 60 *Ga.* 473. Also see *Williams* v. *Mayor &c. of Washington*, 142 *Ga.* 281 (82 S. E. 659, L. R. A. 1915A, 325, Ann. Cas. 1916B, 196).

There have been numerous cases dealing with obstructions in a street resulting from a city's exercise of its governmental functions, such as: an open sewer in the middle of a street (*Massey* v. *Mayor &c. of Columbus*, 75 *Ga.* 658); an unguarded fire plug projecting six inches above a sidewalk (*McFarland* v. *City of McCaysville*, 39 *Ga. App.* 739, 148 S. E. 421); a grate over a sidewalk, which was insecurely propped up while a drain was being cleaned (*City Council of Augusta* v. *Cleveland*, 148 *Ga.* 734, 98 S. E. 345; s. c., 23 *Ga. App.* 522, 98 S. E. 738); an open eye of a sewer near a sidewalk (*City of Columbus* v. *Ogletree*,

96 *Ga.* 177, 22 S. E. 709); a trash-box lid extending over a sidewalk (*Mayor &c. of Savannah* v. *Jones,* 149 *Ga.* 139, 99 S. E. 294); and unguarded ditches at a slippery intersection (*City of Milledgeville* v. *Holloway,* 32 *Ga. App.* 734, 124 S. E. 802). The ruling to be derived from these cases is that, after the exercise of a governmental function has ended, the ministerial duty of keeping streets and sidewalks free from obstructions becomes obligatory, and also that the latter duty includes guarding or warning against the obstructions erected or maintained by a city in the exercise of its governmental functions.

As stated in *City Council of Augusta* v. *Tharpe,* 113 *Ga.* 152 (38 S. E. 389): "After all, whether any given obstruction on or near a sidewalk is dangerous, and whether a failure to remove it [or, we add, to place barriers or warnings about it] would constitute negligence on the part of the city, are questions of fact which the jury must determine." Also see *City of Columbus* v. *Ogletree,* supra; *City of Greensboro* v. *Robinson,* 19 *Ga. App.* 199 (91 S. E. 244); *City of Rome* v. *Hanson,* 58 *Ga. App.* 617 (199 S. E. 329); *McFarland* v. *City of McCaysville,* supra. The cases of *City Council of Augusta* v. *Little,* 115 *Ga.* 124 (41 S. E. 238), and *Smith* v. *City of Atlanta,* 21 *Ga. App.* 172 (93 S. E. 1022), are distinguishable from the present case, for in these cases it was not shown that the city was chargeable with knowledge of the dangerous obstruction as claimed.

In the present case, the trap or catch-basin was a part of the general drainage and sewerage system of the City of Augusta, and was constructed according to the city's general engineering plans as they existed more than twenty years before the plaintiff's injury occurred. The depression was twelve inches below the curb, and six inches below the level of the surrounding pavement. The curb concealed the depression from the plaintiff, who was walking straight into the street. Whether the depression in the street and beside the sidewalk was a dangerous obstruction to persons using the street and sidewalk in an ordinary manner, as the plaintiff was, and whether the obstruction had been existing so long that the city was chargeable with knowledge of its danger and therefore was bound to exercise ordinary care to remove the obstruction or to put barriers or warnings near it, were questions which should have been submitted to the jury.

*City of Atlanta* v. *Key*, supra, decided by two judges, is not in accord with the precedents of this court and of the Supreme Court, has not been followed in the past, and so need not be and is not followed now. The court erred in directing a verdict for the defendant municipality.

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*