36885. CITY OF ATLANTA *v.* COLLINS.

DECIDED OCTOBER 18, 1957.

# 534

J. C. Savage, J. M. B. Bloodworth, Henry L. Bowden, Newell Edenfield, Robert S. Wiggins, Ferrin Y. Matthews, Martin Mc-Farland, for plaintiff in error.

Kyle Yancey, contra.

GARDNER, P. J. ■ As to the general grounds, the evidence, which we have set out in detail hereinabove, is sufficient to sustain the verdict of the jury.

■ The one special ground assigns error in that the court erred in failing to charge, after having been requested in writing to do so, upon the principle of law involving accident. It is contended that paragraph 11 of the defendant's answer set out unavoidable accident as a material issue in the case and that evidence was adduced before the jury to substantiate such an issue; that the court failed to give any other charge on the subject of unavoidable accident; that such failure to give the requested charge was harmful and prejudicial to the defendant and is cause for a new trial.

The court charged fully the contentions of the plaintiff's petition, as twice amended, as well as the answer of the defendant, and charged at length on the many principles of law involved in each instance. During the course of the charge the court said: "Ordinarily, it is incumbent, as a matter of law, for a person using the sidewalk to use their eyesight for the purpose of discovering any obstruction which might have been placed in the street; and while this rule would not apply to a blind person, I charge you that it would be incumbent upon a person using

the street, even though blind, to take such precautions for his own protection as a reasonably prudent person would have taken under the same or similar circumstances, and if you should find that the plaintiff failed to take such precautions, and that this resulted in his injury, then I charge you that as a matter of law he would not be entitled to recover." While the court did not charge specifically on the principle of law of accident, the court certainly did make a most thorough and comprehensive charge. The jury could not have been in doubt as to the issues involved, when the charge is considered as a whole. It will be noted that the evidence shows that the plaintiff knew of the excavation in the sidewalk, having been led through it early in the morning of the day the injuries occurred. However, changes had been made of which he could not have been cognizant, all of which facts were put before the jury by evidence, and the judge charged on each and every allegation of the petition as well as the answer of the defendant. The evidence was not so conclusive that neither the plaintiff nor the defendant was shown to be at fault, so as to make it mandatory that the court charge on the principle of law of accident. While it would not have been prejudicial error, perhaps, for the court to have so charged, to fail to so charge is not reversible error. Counsel for the defendant cites *Holliday* v. *Mayor &c. of Athens*, 10 *Ga. App.* 709, 713 (74 S. E. 67), but even when we give that case a most liberal construction, it does not support the contentions of the defendant for a reversal. The facts involved in *Southern Express Co.* v. *Hughes*, 23 *Ga. App.* 224 (97 S. E. 860) are so different from the facts of the instant case that the holding there does not apply. The court did not err in failing to charge as contended in the special ground.

The court did not err in any of the rulings.

*Judgment affirmed.* *Townsend and Carlisle, JJ., concur.*