46301. WHITTLE v. JOHNSTON et al.

ARGUED JUNE 2, 1971—DECIDED OCTOBER 8, 1971—
REHEARING DENIED NOVEMBER 4, 1971.

*Fulcher, Fulcher, Hagler, Harper & Reed, William C. Reed,* for appellant.

*George B. Rushing,* for appellees.

QUILLIAN, Judge. Both sides cite authority as to what the plaintiff, Randy Johnston's status was, that is, whether he was an invitee or a licensee. This court has apparently adopted the rule that an invited social guest is not an invitee but instead occupies the status of a licensee. See *Stanton v. Grubb,* 114 Ga. App. 350 (151 SE2d 237); *Handiboe v. McCarthy,* 114 Ga. App. 541 (151 SE2d 905); *Laurens v. Rush,* 116 Ga. App. 65 (156 SE2d 482).

Since the appellant concedes that the plaintiff, Randy Johnston, is at least a licensee, for the purposes of this decision we assume but do not decide that to be his status. The owner or occupier of premises may not wilfully or wantonly injure a licensee. "Since his presence as a result of his license is at all times probable, some care must be taken to anticipate his presence, and ordinary care and diligence must be used to prevent injuring him after his presence is known or reasonably should be anticipated." *MacKenna v. Jordan,* 123 Ga. App. 801 (2) (182 SE2d 550). See *Banks v. Watts,* 75 Ga. App. 769, 772 (44 SE2d 510); *Clinton v. Gunn-Willis Lumber Co.,* 77 Ga. App. 643, 648 (49 SE2d 143). In *Patterson v. Thomas,* 118 Ga. App. 326, 328 (163 SE2d 331), this court held: "A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if, (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and (c) the licensees do not know or have reason to know of the condition and the risk involved." "The de-

fendant, having made the motion for summary judgment, must produce evidence which conclusively negates at least one essential element entitling plaintiff to a recovery under every theory fairly drawn from the pleadings and the evidence." *Werbin & Tenenbaum, Inc. v. Heard,* 121 Ga. App. 147 (2) (173 SE2d 114).

It is urged that the plaintiff's testimony as to his past knowledge or use of the trampoline is contradictory. Be that as it may the Supreme Court has held in *Burnette Ford v. Hayes,* 227 Ga. 551 (181 SE2d 866), that the testimony of a party opposing a motion for summary judgment is to be given a favorable construction. The proof offered on the motion for summary judgment failed to establish as a matter of law that the defendant was not guilty of wilful and wanton negligence. Hence, the issue of whether defendant exercised the necessary degree of care and whether the trampoline alleged to be on unlevel ground constituted a hidden peril or pitfall would be for the jury. See *MacKenna v. Jordan,* 123 Ga. App. 801, supra.

It is also urged that the mother's written consent would bar the parents from recovery. However, it is well established that the negligence on the part of a parent cannot be imputed to the child. *Fallaw v. Hobbs,* 113 Ga. App. 181, 182 (147 SE2d 517); *Ferguson v. Columbus & Rome R.,* 77 Ga. 102; *Herrington v. Mayor &c. of Macon,* 125 Ga. 58, 61 (54 SE 71); *Code* § 105-205. Moreover, the father was the legal custodian of the child; thus the mother's independent consent will not be imputed to him so as to bar his right to recover. *Sarman v. Seaboard A.-L. R. Co.,* 33 Ga. App. 315, 318 (125 SE2d 891); *Atlanta & Charlotte A.-L. R. Co. v. Gravitt,* 93 Ga. 369 (3) (20 SE 550, 26 LRA 553, 44 ASR 145); *Crook v. Foster,* 142 Ga. 715, 719 (83 SE 670).

The trial judge did not err in denying the motion for summary judgment.

*Judgment affirmed. Jordan, P. J., and Evans, J., concur.*