### 46997. CHANDLER v. BUSS et al.

DEEN, Judge. 1. The plaintiff Buss was a passenger in an automobile operated by Cooper, the defendant Chandler's intestate. Cooper attempted to pass a station wagon and was killed, and Buss injured, by a collision with an oncoming vehicle driven by the defendant Smith. Chandler, moving for summary judgment, contended that Cooper had ample room to pass a station wagon ahead of him but that when he got on the left side of the highway both the station wagon and a car behind it speeded up, Smith's vehicle did not slow or turn, and Cooper was caught between the three vehicles. Smith testified on interrogatory: ". . . traveling northerly on U. S. 17 at the speed of about 35 to 40 miles per hour. At the time I was meeting traffic approaching from the north going south on U. S. 17. All of a sudden, an automobile operated by Arthur F. Cooper III undertook to pass two automobiles at a time when these automobiles could not be passed with safety and was passing them at a speed of 70 miles per hour or more. He ran head-on into the truck I was operating."

These conflicts give rise to factual issues for jury decision as to Cooper's negligence in attempting to pass at a time when the approaching truck was plainly visible, as testified by the plaintiff. The trial court properly denied the defendant's motion for summary judgment. *Lang v. Jackson,* 122 Ga. App. 822 (179 SE2d 263); *Reed v. Batson-Cook Co.,* 122 Ga. App. 803 (3) (178 SE2d 728); *Ehik v. Piper,* 122 Ga. App. 499 (177 SE2d 718); *Chastain v. Atlanta Gas Light Co.,* 122 Ga. App. 90 (3) (176 SE2d 487); *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259 (174 SE2d 178).

2. It has frequently been stated that the denial of a motion for summary judgment may be proper even where, under the same facts, a verdict should be directed on the trial of the case. The appellant here contends that, regardless of any other conflicts in testimony, the motion for summary judgment should be granted because the testimony of the plaintiff must be taken as controlling and demands a finding that the defendant driver was not negligent. He cites the general rule that proof of explicit voluntary admissions by the opposing party against interest are prima facie evidence of the facts admitted (*Rossville Fed. Sav. &c. Assn. v. Ins. Co. of N. A.*, 121 Ga. App. 435, 440 (174 SE2d 204)), and the rule that where a party makes an admission in judicio he will be bound thereby and evidence to the contrary will not be received so long as it remains in the record (*Florida Yellow Pine Co. v. Flint River &c. Co.*, 140 Ga. 321 (78 SE 900); *Alexander Hamilton Institute v. Van Landingham*, 44 Ga. App. 606 (162 SE 304)) or the rule that the plaintiff's equivocal or self-contradictory testimony will be construed against him and when, so construed, it amounts to admissions which disprove his case, a nonsuit may be granted (*Robertson v. Carroll Furniture Co.*, 54 Ga. App. 841 (189 SE 273)), or a verdict directed. But a case which ended in nonsuit might have been re-brought, and pleadings constituting estoppels in judicio may be stricken. *Iteld v. Karp*, 85 Ga. App. 835 (70 SE2d 378). Moreover, "the evidence of a party upon one trial is not conclusive and absolutely binding upon him in a subsequent trial, but the conflict between that and his later testimony will go only to his credibility as a witness." *Tarbutton v. Duggan*, 45 Ga. App. 31 (3) (163 SE 298). Upon the trial of this case before a jury, if the plaintiff testifies, his deposition may be used for purposes of impeaching his credibility but not to absolutely bar him from recovery. It follows that he should not be put out of court at the summary judgment stage, since summary judgment is simply designed to bypass the trial proce-

dure where it is obvious that one or the other of the parties could under no circumstances recover.

Furthermore, although it is true that this plaintiff testified on deposition that there was plenty of room to pass when Cooper initiated the maneuver, and that it failed because the station wagon speeded up, he also testified that both Cooper *and* the station wagon speeded up, and it is not clear but that, had Cooper not speeded up at that time, he might have re-entered his lane of traffic between the station wagon and the car following it if he had not waited so late to attempt to do so. Since Buss is not absolutely barred from recovery on the trial of the case, the denial of the motion for summary judgment must be affirmed.

*Judgment affirmed. Jordan, P. J., and Clark, J., concur.*
ARGUED MARCH 9, 1972—DECIDED MARCH 17, 1972—
REHEARING DENIED MARCH 31, 1972.

*Fendig, Dickey, Fendig & Whelchel, Albert Fendig, Jr.,* for appellant.

*Adams & Nichols, Ronald F. Adams, Bennet, Gilbert, Gilbert & Whittle, Wallace E. Harrell,* for appellees.