## 47283. COOPERS', INC. v. HOLMES.

EBERHARDT, Presiding Judge. 1. Where the trial court overruled the defendant's general motion for summary judgment, this court will not reverse unless from the entire record construed against the movant it appears that there is an absence of any genuine issue as to all material facts and that the defendant is entitled to judgment as a matter of law. *Atlanta Gas Light Co. v. Roberson,* 120 Ga. App. 361 (170 SE2d 587); *Manhattan Industries v. Paul,* 126 Ga. App. 595.

2. Since there are genuine issues of material fact as to whether defendant Coopers', Incorporated, knowingly entrusted to defendant Cato its truck with no inside rearview mirror and with an outside right-rear-view mirror in a useless condition, and as to whether such defects were a proximate cause of Cato's backing over plaintiff's decedent with the truck (see *Code Ann.* §§ 68-1718, 68-1726 (6); *Gregory v. Ross,* 214 Ga. 306 (104 SE2d 452); *Bowyer v. Cummins,* 81 Ga. App. 118 (58 SE2d 224)); the trial court did not err in denying Coopers' motion for summary judgment seeking judgment in toto. While the evidence presented for movant was strong and may very well be sufficient on a trial of the case to require a verdict in its favor, we do not find it to have foreclosed every issue on summary judgment when the rules for construction of the evidence in that posture are applied.

*Judgment affirmed. Deen and Clark, JJ., concur.*

598

SUBMITTED MAY 25, 1972—DECIDED JUNE 16, 1972—
REHEARING DENIED JUNE 30, 1972.

*Dennis & Fain, Douglas Dennis,* for appellant.
*Glenn T. York, Jr.,* for appellee.