## 47505. COLUMBIA DRUG COMPANY v. COOK.

CLARK, Judge. This appeal is from denial of a summary judgment motion made by a defendant employer whose truck hit a pedestrian who died from her injuries. Defendant's motion was based upon the company vehicle being used at the time for the employee's personal purposes and not within the scope of employment.

At the date of the filing of such motion defendant relied in part upon a deposition of the employee which had been taken at a time when employee was not a party to the action. It was supplemented by depositions of the employer and affidavits aimed at showing the employee to have been on a personal mission. After the filing of such motion plaintiff amended the complaint and added the employee as a party defendant. Prior to the hearing on defendant's summary judgment motion the employee as a party defendant filed his answer to the complaint and in opposition to the summary judgment motion submitted an affidavit which contradicted certain salient facts that had been elicited from him during his deposition examination. *Held:*

1. We have here for decision a situation similar to that

which confronted this court in *Browder v. Aetna Life Ins. Co.*, 126 Ga. App. 140 (190 SE2d 110), where there were inconsistencies between the affidavit and the deposition of plaintiff.

We there stated at page 141 that "although the general rule is that upon the trial of the case the testimony of a party litigant, where self-contradictory or ambivalent, must be construed against him, yet on motion for summary judgment made by a party upon whom the burden of proof does not lie on the trial of the case, all evidence must be construed against the movant and in favor of the party opposing the motion. *Burnette Ford v. Hayes,* 227 Ga. 551 (181 SE2d 866); s.c., 124 Ga. App. 66 (183 SE2d 78). It is therefore immaterial that there are inconsistencies between the affidavit and deposition of the plaintiff. That part of his testimony most favorable to his position will be taken as true on motion for summary judgment made by the defendant . . ."

Appellant recognizes that the case therein relied upon, *Burnette Ford v. Hayes,* supra, is adverse to its position but with hyperbolic rhetoric typical of ardent advocacy urges us to limit that ruling to its factual situation. This we cannot do as we are constitutionally bound to follow the decisions of our Supreme Court. *Code Ann.* § 2-3708. Furthermore, it should be noted that this decision was the result of our court having certified a question to that tribunal pursuant to constitutional direction and our Rule 38 because this court regarded the legal point to be an unsettled question of law with divergent opinions.

The cases of *Whittle v. Johnston,* 124 Ga. App. 785 (186 SE2d 129) and *Mathis v. R. H. Smallings & Sons,* 125 Ga. App. 810 (189 SE2d 122) similarly involved the manner in which contradictions of evidence are to be handled on summary judgments. Adherence to the Supreme Court decision of *Burnette Ford v. Hayes,* supra, resulted in our holding in those two cases that a construction favorable to the opposing party of such conflicting testimony was required. "That this conflict may have

been occasioned by conflicting testimony of the same witnesses, whether parties or not, does not alter the result," says the *Mathis* case. See also *Southern Bell Tel. &c. Co. v. Beaver,* 120 Ga. App. 420 (170 SE2d 737).

A question of credibility cannot be resolved on summary judgment. *Brown v. Sheffield,* 121 Ga. App. 383 (173 SE2d 891); *Smith v. Sandersville Prod. Credit Assn.,* 229 Ga. 65 (189 SE2d 432). "On a motion for summary judgment by a defendant, the defendant must disprove the plaintiff's right of recovery under any theory . . ." *U. S. Fidelity &c. Co. v. Lockhart,* 124 Ga. App. 810 (3) (186 SE2d 362). See also *Werbin & Tenenbaum v. Heard,* 121 Ga. App. 147 (173 SE2d 114) and *Whittle v. Johnston,* 124 Ga. App. 785, supra.

2. In addition to the legal point relating to construction to be given evidentiary conflicts discussed in the first division of this opinion, counsel on both sides have argued eloquently and extensively applicability of the respondeat superior doctrine. This question of whether a servant by whose act another is injured was acting within his employment is ordinarily one to be determined by a jury (see cases under Master and Servant key 332 (2) in Volume 15A of West's Georgia Digest), excepting that if the case is so clear either way that only one conclusion can reasonably be reached, the court may decide it either by summary judgment (*Corum v. Edwards-Warren Tire Co.,* 110 Ga. App. 33 (137 SE2d 738); *Swann Sales, Inc. v. Carswell,* 124 Ga. App. 141 (183 SE2d 218)) or by directed verdict (*Cooley v. Tate,* 87 Ga. App. 1 (73 SE2d 72); *Johnson v. Webb-Crawford Co.,* 89 Ga. App. 524 (80 SE2d 63)). As the trial of this case will involve application of our decided cases dealing with "slight deviation" and "gross deviation," attention is called to the collection of cases compiled by Judge Eberhardt on this point to be found in *Ditmyer v. American Liberty Ins. Co.,* 117 Ga. App. 512, 517 (160 SE2d 844).

In the present posture of this appeal where we are not passing on the evidence following either directed verdict or

a jury verdict but are limited to consideration of a denial of a summary judgment motion we must affirm the trial court without any indication as to our views on the respondeat superior problem. "In no sense does the Summary Judgment Act authorize the courts to sit as both judge and jury. [Cits.]" *Watkins v. Nationwide &c. Ins. Co.*, 113 Ga. App. 801, 802 (149 SE2d 749). See also *Southern Bell Tel. &c. Co. v. Beaver*, 120 Ga. App. 420 (3), supra; *Chandler v. Buss*, 125 Ga. App. 882 (189 SE2d 479); *Coopers', Inc. v. Holmes*, 126 Ga. App. 597 (191 SE2d 562); *Blair v. Manderson*, 126 Ga. App. 235 (190 SE2d 584).

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*
ARGUED SEPTEMBER 15, 1972—DECIDED NOVEMBER 1, 1972.

*Bouhan, Williams & Levy, Frank W. Seiler, Edwin D. Robb, Jr.*, for appellant.
*Cook, Pleger & Noell, J. Vincent Cook*, for appellee.