NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.



SUPREME COURT OF GEORGIA
Case No. S25C1294

May 5, 2026

The Honorable Supreme Court met pursuant to adjournment.

The following order was passed:

AMY WADE JOHNSON v. CITY OF VIDALIA.

The Supreme Court today denied the petition for certiorari in this case.

*All the Justices concur.*

Court of Appeals Case No. A25A0586

SUPREME COURT OF THE STATE OF GEORGIA
Clerk's Office, Atlanta

I certify that the above is a true extract from the minutes of the Supreme Court of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk

PINSON, Justice, concurring.

I join the Court's decision to deny review of this case. I write separately to flag as problematic one of the Court of Appeals's alternative bases in support of its conclusion that the City was entitled to summary judgment on the negligence claim against it.

Amy Johnson was running with a friend in the City of Vidalia when she tripped over an uneven part of a sidewalk and fell, hurting her shoulder and face. She sued the City, claiming that her injuries were caused by the City's negligence and maintenance of a nuisance. The City moved for summary judgment on several bases, but the trial court denied the motion, concluding that disputed issues of material fact remained for a jury to decide. The Court of Appeals reversed the trial court, holding that the City was entitled to summary judgment on both claims against it.

In support of its holding that the City was entitled to summary judgment on Johnson's negligence claim, the Court of Appeals said that it has "never held that a passive failure to maintain a sidewalk would be a basis for [municipal] liability," and that imposing such liability required "some affirmative action the city performed in a negligent manner." *City of Vidalia v. Johnson*, 375 Ga. App. 601, 604 (2025). On this point, the court was mistaken. Cities have long had a duty to keep their streets and sidewalks safe for ordinary travel. See, e.g., *City of Atlanta v. Hampton*, 139 Ga. 389, 392 (1913) ("It is very common, in stating the rule, to say that it is the duty of a municipal corporation to keep its streets and sidewalks in a reasonably safe condition, so that persons can pass along them in the ordinary methods of travel in safety."). That well-established duty plainly includes addressing hazards within the boundaries of the sidewalk that render its use for ordinary travel unsafe. See *City of Milton v. Chang*, __ Ga. __

(2026), S25G0476, slip op. at 6 (Ga. Mar. 12, 2026); *City Council of Augusta v. Tharpe*, 113 Ga. 152, 156 (1901) ("[T]here can be no doubt, under the rules of law now settled by repeated adjudications in this and other jurisdictions, that the city authorities must keep in a reasonably safe condition all parts of its sidewalks which are intended to be used by the public.") (citing *City of Atlanta v. Milam*, 95 Ga. 135, 137 (1894)). And a city may be held liable for negligent failure to mitigate such a hazard as long as it had actual or constructive notice of it, regardless of whether the city took any "affirmative action" that allowed the hazard to arise. See OCGA § 32-4-93(a) (municipality is relieved of liability for "defects" in its streets and sidewalks if the city "has not been negligent in constructing or maintaining" its roads, or lacked actual or constructive notice of the defect).[1] See also, e.g., *Hampton*, 139 Ga. at 390 (city was liable when a pedestrian fell after stepping on the broken cap of a water meter on a city sidewalk, because the cap had been broken for at least a week and "the city was negligent in not discovering and repairing it"); *Idlett v. City of Atlanta*, 123 Ga. 821, 825 (1905) (rejecting city's demurrer on a negligence claim by a plaintiff who fell in a hole in a sidewalk, where the hole had existed for about six months and the city "knew of it, or by the exercise of ordinary care must have ascertained it"); *City of Columbus v. Ogletree*, 102 Ga. 293, 295–96 (1897) (city was liable when a pedestrian fell into a hole in a sidewalk that had been "carelessly and negligently left open by the city," when the city had notice of the defect); *Bellamy v. City of Atlanta*, 75 Ga. 167, 169 (1885) (reversing judgment for the city where a pedestrian fell in a hole in a sidewalk, because "[i]f the city could have ascertained the defect, its failure to do so is negligence on its part");

---

[1] This statute applies to "defects in public roads," OCGA § 32-4-93(a), and "public roads" include "sidewalks," OCGA § 32-1-3(24).

*Mayor & Council of Rome v. Dodd*, 58 Ga. 238, 239 (1877) (city was liable when a pedestrian fell through a hole in a bridge across a ditch, because the hole had been there for six weeks and had been "negligently and carelessly suffered to remain there" by the city); *City of Milledgeville v. Cooley*, 55 Ga. 17, 18 (1875) (city was liable when a pedestrian fell into a "deep ditch or gully" across a public city street, which the city had "wil[l]fully allowed to remain there"); *City of Atlanta v. Perdue*, 53 Ga. 607, 607–08 (1875) (city was liable when a pedestrian fell into an excavation in a sidewalk made by a third party who was putting up a building next to the sidewalk, because the excavation had been there for "two or three weeks," so the city either knew or should have known about it and had neglected or omitted to repair it); *City of Savannah v. Herrera*, 343 Ga. App. 424, 425–26, 436 (2017) (affirming denial of summary judgment to city in negligence case arising from city's failure to trim back trees that obstructed view of intersection); *City of Vidalia v. Brown*, 237 Ga. App. 831, 833 (1999) ("[A] city is liable for such defects [in streets and sidewalks] *caused by strangers or forces of nature*, where the city had notice of the defect and failed to exercise ordinary care to remove it, or where the defect had existed for such a length of time that it would be reasonable to conclude the city should have learned of the defect and exercised ordinary care to remove it.") (emphasis added); *City of Summerville v. Aldred*, 101 Ga. App. 286, 288 (1960) ("The general rule is that a municipal corporation is bound to keep its streets in a reasonably safe condition for travel by the ordinary modes, and will be liable for damages for injuries sustained in consequence of its derelictions in this regard, *no matter by what cause* the street may have become defective and unsafe where the city knew, or should have known, of the defect in time to repair it or to give warning of its existence." (quotation marks omitted)). Even the one decision the Court of Appeals cites in support of its

rule made clear that the city in that case would have been liable even without evidence that the city's negligence caused a street-light to malfunction if the city had "actual or constructive notice of the problem." *Roquemore v. City of Forsyth*, 274 Ga. App. 420, 423 (2005). In short, there is no such rule that a city may not be liable for "passive failure[s]" to maintain a sidewalk as the Court of Appeals's language might be read to suggest.

If that were the Court of Appeals's only basis for concluding that the City was entitled to summary judgment, I would vote to grant Johnson's petition to review this case. But it was not: the Court of Appeals also concluded that Johnson had failed to show a disputed question of fact with respect to the City's (lack of) notice of the uneven sidewalk in this case. Whether or not the Court of Appeals was right about that, that factbound and case-specific holding is not the kind of decision that meets our Court's standard for granting a writ of certiorari.[2] And because that alternative holding was an independently sufficient basis for concluding that the City was entitled to summary judgment on the negligence claim against it, any decision we could reach with respect to the court's "passive failure to maintain" language would have no effect on the Court of Appeals's ultimate judgment on that claim. We ordinarily do not grant certiorari review when resolving the legal question that would warrant such review could not possibly have any effect on the outcome of the case. Cf. *Cobb County v. Floam*, 319 Ga. 89, 89 (2024) ("Courts are not vehicles for engaging in merely academic debates or deciding purely theoretical questions." (quotation marks omitted)).

So, I agree that this case does not meet our standard for granting a writ of certiorari, and for that reason, I join the Court's

---

[2] The same goes for the Court of Appeals's conclusion that the City was entitled to summary judgment on the nuisance claim against it.

decision to deny the petition. But if the Court of Appeals's language drawing a distinction between "passive" and "affirmative" conduct persists as a possible basis for relieving a city from liability for negligent maintenance of its streets or sidewalks, I would grant review in an appropriate case to address it.

I am authorized to state that Chief Justice Peterson, Presiding Justice Warren, Justice Bethel, Justice Ellington, Justice McMillian, Justice LaGrua, Justice Colvin, and Justice Land join this concurrence.