A. T. MORGAN, ADMINISTRATOR OF LOUISE MORGAN, DECEASED, v. THE CAROLINA COACH COMPANY, A CORPORATION, AND G. E. GIBBS.

(Filed 12 December, 1945.)

**1. Death §§ 3, 6: Negligence § 17a—**

In an action to recover damages for wrongful death, G. S., 28-172, 28-173, the plaintiff must allege and prove (1) that the defendant was negligent, (2) that such negligence, acting in continuous and unbroken sequence, and without which the injury would not have occurred, resulted in the injury producing death, and (3) that, under the circumstances, a man of ordinary prudence could and would have foreseen that such result was probable.

**2. Negligence §§ 5, 17a: Automobiles § 9c—**

The decisions of this Court are to the effect that the violation of an ordinance or statute enacted for the safety of the public is negligence *per se*, but such violation must be the proximate cause or one of the proximate causes of the injury to warrant recovery.

**3. Automobiles §§ 9c, 13, 14, 16—**

The stopping of a passenger bus upon the paved portion of a highway outside of business or residential districts, for the purpose of permitting a passenger to alight, is not parking or leaving a vehicle standing, within the meaning of G. S., 20-161, and is not violative thereof.   And by analogy the same principle would apply when stopping for the purpose of receiving a passenger.

**4. Automobiles §§ 9c, 13, 14, 16, 18a, 18d—**

Where the complaint, in an action to recover damages for wrongful death, alleges that the passenger bus of one of defendants, following on the highway a school bus, plainly marked as such by visible signs required by statute, which after proper signal had stopped and was engaged in discharging school children, passed the school bus without stopping and then stopped immediately ahead of the school bus for the sole purpose of taking on a passenger, G. S., 20-217, thus concealing the view ahead and forcing plaintiff's intestate to go behind the bus to cross the highway, and as deceased was attempting to cross, before the stop signal of the school bus was withdrawn, defendant's bus speeded up its motor, the sound of which prevented deceased from hearing the approach of other vehicles, and put the passenger bus in motion, and, when deceased reached about the center of the highway, she was violently struck and killed by an automobile

coming from ahead at a high rate of speed, a cause of action against the defendant, owner of the passenger bus, is stated and demurrer was properly overruled.

APPEAL by defendant, the Carolina Coach Company, a corporation, from *Sink, J.,* at May Term, 1945, of MOORE.

Civil action to recover for alleged wrongful death, G. S., 28-172, and G. S., 28-173, heard upon demurrer to complaint.

It appears from the allegations of the complaint that Louise Morgan, about 13 years of age, intestate of plaintiff, came to her death on 1 January, 1945, when stricken by an automobile operated by defendant G. E. Gibbs as she was crossing a public highway after alighting from a school bus on which she was a passenger. The school bus and the passenger bus of defendant, the Carolina Coach Company, were moving west on the highway from Carthage towards Biscoe, and the automobile of defendant G. E. Gibbs was moving east in opposite direction on said highway. And in the light of these facts, these are the pertinent allegations of negligence in so far as same relate to defendant, the Carolina Coach Company:

"7. That when the school bus . . . reached a point about six miles west of Carthage, the driver of said school bus gave a visible and proper signal which indicated his intention to bring school bus to a stop, and a clearly visible printed stop signal extended from the left side of said school bus and said bus was turned to the right and was stopped on said highway a short distance from the paved portion thereof.

"8. That while said school bus was standing on said highway the said Louise Morgan and other children alighted therefrom, and before the stop signal of said school bus had been withdrawn and before said school bus had moved on, the defendant, Carolina Coach Company, negligently, carelessly, wrongfully and in violation of the Motor Vehicle Law of North Carolina failed to bring said passenger bus to a full stop before passing said school bus, notwithstanding the fact that said school bus bore a plainly visible sign containing the words "school bus" in large letters on the side and rear thereof, and the aforementioned stop signal was in plain view and had not been withdrawn.

"9. That while said school bus was discharging passengers, including the said Louise Morgan, the bus of the defendant, Carolina Coach Company, passed said school bus without stopping and then for the sole purpose of receiving a passenger brought said long and high passenger bus to a full stop at a point on said highway immediately west of said school bus and the said Louise Morgan was forced to walk to the rear of the defendant's passenger bus in order to reach the opposite side of said highway and said passenger bus was stopped in such position that the

view of the said Louise Morgan of any oncoming traffic from the west was obstructed and prevented.

". . .

"11. That under the circumstances and conditions herein described, the said Louise Morgan, in the usual and ordinary way, alighted from said school bus, went around to the rear of the passenger bus of the defendant, Carolina Coach Company, which had wrongfully and unlawfully passed the rear of the said school bus and had wrongfully come to a stop in the proper pathway of the said Louise Morgan, and she started across said highway to the opposite and proper side for her to travel, and when she reached a point about the center of the paved portion of said highway she was suddenly, unexpectedly and without any notice or warning violently struck by a Ford automobile that was being driven at a high, negligent and dangerous rate of speed by the defendant, G. E. Gibbs, and she was knocked down, run over and dragged by said Ford automobile; her body was horribly mangled and she died as a proximate result of the combined negligence of the defendants, Carolina Coach Company and G. E. Gibbs. . . .

"14. That the said Louise Morgan was injured and killed as a direct and proximate result of the combined and concurring negligence of the defendants, in that, the defendant, Carolina Coach Company, failed to bring its said bus to a full stop before passing said school bus that was engaged in discharging its infant passengers as it was its duty to have done; and after passing said school bus it negligently, carelessly and wrongfully brought said passenger bus to a stop for the purpose of receiving a passenger, and at such place and under such conditions as to block the passageway and view of the said Louise Morgan who had properly alighted from said school bus, and while the said Louise Morgan was passing immediately to the rear of said bus of the defendant, Carolina Coach Company, as she was under the circumstances compelled to do in order to reach the opposite side of said highway, the defendant, Carolina Coach Company speeded up the motor of said bus, the sound of which would and did prevent the said Louise Morgan from hearing the approach of any other vehicle on said highway, and it put said passenger bus in motion before the school bus' stop signal had been withdrawn and before the school bus had been put in motion which indicated that it was safe for the said Louise Morgan to proceed; and under the circumstances and conditions herein described, the defendant, G. E. Gibbs, negligently, . . . approached said place . . ."

The defendant, the Carolina Coach Company, demurred to the complaint for that upon its face it shows that plaintiff has failed to allege a cause of action against this defendant in that "no subsisting facts are

alleged which show or tend to show actionable negligence on the part of said defendant."

When the case came on for hearing, and having been heard, the presiding judge entered order overruling the demurrer. Defendant, the Carolina Coach Company, appeals therefrom to the Supreme Court and assigns error.

*Douglass & Douglass and Seawell & Seawell for plaintiff, appellee.*
*Jones & Smathers for defendant, appellant.*

WINBORNE, J. Accepting as true the allegations of fact contained in the complaint, and relevant inferences of fact, necessarily deducible therefrom, as we must do in testing by demurrer thereto the sufficiency of the allegations of the complaint to state a cause of action, *Merrell v. Stuart,* 220 N. C., 326, 17 S. E. (2d), 458, and cases cited, the facts alleged in the complaint in the present case present this factual situation at the scene of alleged wrongful death:

The school bus, marked as such by proper sign, traveling west on the highway described above gave signal, indicating intention to stop, by extending stop signal from its left side, and "turned to the right and was stopped on said highway a short distance from the paved portion thereof," for the purpose of discharging passengers, who were school children. And while the school bus was so standing, and while school children were alighting therefrom, and before the stop signal had been withdrawn and before the school bus had moved on, the passenger bus of defendant Carolina Coach Company, also traveling west, approached on the same highway, and instead of coming to a full stop before passing the school bus, passed it and stopped to take on a passenger "at a point on said highway immediately west of said school bus," thereby forcing intestate of plaintiff to walk to the rear of the passenger bus in order to reach the opposite side of the highway, and obstructing her view, and by the noise of its motor preventing her hearing of any traffic from the west. And as intestate of plaintiff started across the highway "to the opposite and proper side for her to travel" and had reached a point about the center of the paved portion of the highway, she was suddenly, unexpectedly and without notice or warning violently struck "by the automobile of defendant Gibbs"—which was being driven "at a high, negligent and dangerous rate of speed."

In the light of these circumstances, are the facts sufficient to state a cause of action against defendant Carolina Coach Company?

The court below was of opinion that they are, and with that view we are not in disagreement.

In an action to recover damages for wrongful death the plaintiff must allege and prove (1) that the defendant was negligent, (2) that such negligence, acting in continuous and unbroken sequence, and without which the injury would not have occurred, resulted in the injury producing death, and (3) that under the circumstances a man of ordinary prudence could and would have foreseen that such result was probable. *White v. Chappell,* 219 N. C., 652, 14 S. E. (2d), 843; *Reeves v. Staley,* 220 N. C., 573, 18 S. E. (2d), 239; *Mitchell v. Melts,* 220 N. C., 793, 18 S. E. (2d), 406, and cases therein cited.

Moreover, the statute, G. S., 20-217, requiring motor vehicles to stop for school buses in certain cases, in so far as applicable to roads and highways outside of incorporated towns and cities, provides that: "Every person using, operating, or driving a motor vehicle upon or over the roads and highways of the State of North Carolina . . . upon approaching from any direction on the same highway any school bus transporting school children to and from home, while such bus is stopped and engaged in receiving or discharging passengers therefrom upon the roads and highways of the State . . . shall bring such motor vehicle to a full stop before passing or attempting to pass such bus and shall remain stopped until said passengers are received or discharged at that place and until the 'stop signal' of such bus has been withdrawn or until such bus has moved on." This statute further provides that the above provisions are applicable only in the event the school bus bears upon the front and rear thereof a plainly visible sign containing the words "school bus" in letters not less than five inches in height. It is further provided that any person violating the provisions of the statute shall be guilty of a misdemeanor, etc.

The decisions of this Court are to the effect that the violation of an ordinance or statute enacted for the safety of the public is negligence *per se,* but such violation must be the proximate cause or one of the proximate causes of injury to warrant recovery on that ground. See *White v. R. R.,* 216 N. C., 79, 3 S. E. (2d), 310, and numerous other cases.

Furthermore, the decisions of this Court hold that the stopping of a passenger bus upon the paved portion of a highway outside of business or residential districts for the purpose of permitting a passenger to alight, is not parking or leaving the vehicle standing, within the meaning of section 123, chapter 407, Public Laws 1937, now G. S., 20-161, and is not violative thereof. *Peoples v. Fulk,* 220 N. C., 635, 18 S. E. (2d), 147; *Leary v. Bus Corp.,* 220 N. C., 745, 18 S. E. (2d), 426. See also *White v. Chappell, supra.* And by analogy the same principle would apply when stopping for the purpose of receiving a passenger.

In the *White case, supra,* where a child who had alighted from bus, which stopped on the highway and on which he and his mother had been riding as passengers, ran to the rear of the bus and there attempted to cross the highway and was stricken·by another motor vehicle traveling in opposite direction from that in which the bus was traveling, the opinion of this Court was that in the light of all the evidence there was no causal relation between the stopping of the bus on the pavement, to the right of the center of the highway, and the injury and death of the intestate. And in *Peoples v. Fulk, supra,* and *Leary v. Bus Corp., supra,* the motor vehicles in question were not held to have violated any statute by stopping on the highway.

The present case, however, presents somewhat different factual situation. If the passenger bus of the Carolina Coach Company approached the school bus on the same highway while the school bus which was transporting school children was stopped and engaged in discharging passengers therefrom upon the highway—the school bus bearing the visible sign as required by the statute, the passenger bus should have been brought to a full stop before passing or attempting to pass the school bus and should have remained stopped until the passengers on the school bus were discharged at that place, and until the stop signal of the bus had been withdrawn, or until such bus had moved on. A violation of this statutory duty would be negligence *per se.* But such violation must be a proximate cause contributing to the injury and death of intestate to warrant recovery on that ground. Here, however, whether the stopping of the bus at the place and under the circumstances alleged created a hazard which was a proximate cause contributing to the injury and death of intestate would seem to be for the jury.

The judgment is
Affirmed.