KENNETH EARL SMITH, A MINOR, BY HIS NEXT FRIEND, MRS. ELOISE SMITH v. GOLDSBORO IRON & METAL COMPANY AND CLAUDIE WARRICK.

(Filed 9 May 1962.)

1. **Automobiles § 9—**
   Neither G.S. 20-134 nor G.S. 20-161 applies to a vehicle parked on a street which is not a part of a State highway but is in a residential district of a city.

2. **Automobiles § 6—**
   While the violation of a safety statute or ordinance is negligence, it is actionable only if the proximate cause of injury.

3. **Evidence §§ 20, 54—**
   A party introducing in evidence a portion of his adversary's pleading is bound thereby.

4. **Automobiles § 41e—**
   Plaintiff introduced evidence that defendant's truck was parked on a

street in the residential section of a city in violation of a municipal ordinance prohibiting parking in such area. Plaintiff's evidence also disclosed that vehicles customarily were parked at the place in question, that plaintiff knew of such custom, and that plaintiff, blinded by the lights of an oncoming vehicle, drove some 200 feet and collided with the rear of the parked vehicle. *Held:* The evidence fails to disclose any causal connection between defendant's violation of the ordinance and the accident in suit.

**5. Automobiles § 42d—**

Plaintiff's evidence tending to show that he struck the rear of a vehicle parked on a street in the residential section of a municipality some 200 feet from the intersection at which plaintiff entered the street, and that plaintiff, blinded by the lights of an approaching vehicle which had turned into the street, did not see the parked vehicle until a moment before he crashed into its rear, *is held* to disclose contributory negligence as a matter of law, since plaintiff either drove "blind" for 200 feet, or, if the aproaching car turned into the street after plaintiff did, plaintiff should have seen the parked vehicle before being blinded by the lights of the approaching car.

APPEAL by plaintiff from *Stevens, J.,* October Term 1961 of WAYNE. This is a civil action for personal injuries growing out of a collision between a motor scooter driven by plaintiff, Kenneth Earl Smith, and a truck parked on the east side of Kornegay Street in the City of Goldsboro, North Carolina, on 2 August 1957, at approximately 12:30 a.m. The truck involved in the collision was owned by the corporate defendant and at the time of the accident was parked in front of the home of its employee, Claudie Warrick, also a defendant in this action.

The testimony of Kenneth Earl Smith may be summarized as follows: That he was, on 2 August 1957, 18 years of age; that when he was two years old he lost the sight of his left eye, and at 16 years of age he lost three fingers from his left hand; that he had been driving a motor scooter since the age of twelve but had never applied for an operator's license and did not have a license to operate the motor scooter at the time of the accident; that the motor scooter he was driving at the time of the accident was equipped with a headlight; that he could see an object the size of a man at 200 feet or more; that on the night in question he had visited with friends in Seymour Johnson Homes and left shortly after midnight; that enroute to his home he took a right turn from Mulberry Street onto Kornegay Street and proceeded north on that street with the intention of turning left at the corner of Kornegay and Ashe Streets; that "As I approached the intersection of Kornegay and Mulberry Street, I estimate my speed was 20 miles per hour. I slowed as I came to the intersection of Mulberry and Kornegay Street and made a right turn on Kornegay. As I turned

off of Mulberry to Kornegay I went a short distance and a car headed into Ashe Street headed south blinded me as I proceeded to meet the car and the car came toward me. Immediately after the car lights passed me I was blinded and struck the truck. As I was proceeding along Kornegay Street and meeting the car going southwardly I could see approximately 20 feet. I was traveling in my right-hand side of the traffic lane. It would be very difficult for me to say how close I was to the truck I struck when the lights of the car I was meeting passed me. * * * I did not have time to apply my brakes. I struck the left rear corner of the truck. As I saw the truck I immediately decided to turn to my left to miss it. The truck did not have any lights of any sort on it to my knowledge. I struck the left corner of the truck with my head. The blow immediately knocked me unconscious."

On cross-examination the plaintiff testified: "I had gotten into Kornegay Street and traveled some little distance before I saw the other car turn (from Ashe Street into Kornegay Street). * * * When it made its turn I saw the lights from that vehicle and at that time I had proceeded some distance into Kornegay Street.

"At no time before I hit the truck did I see it but for a split second. * * * I could see a man the entire length of Kornegay Street if he was walking across the street, and if any other object was moving I could see with my light the entire length of the block of Kornegay Street. * * *

"I slowed the scooter down; how much I could not say because I did not have a speedometer. I don't know how fast I was going. The truck I ran into was facing Ashe Street and I ran into the rear of it. I don't know how far over on the right-hand side of Kornegay Street it was parked." There were street lights at or near the intersections of Mulberry and Kornegay and Kornegay and Ashe Streets.

The plaintiff's evidence further tends to show that he was familiar with Kornegay Street. He testified: "I knew it was customary for automobiles to be parked on the right side. I had driven down that street coming from Mulberry, or coming from Ashe, many times. I have seen vehicles parked on the right-hand side in the daytime and in the nighttime when I have been through there."

Lloyd Howard, a resident of 209 North Kornegay Street, testified: " * * * The truck that had been struck was parked on the right of Kornegay Street (headed toward Ashe Street). I don't know the make or model. It was just a closed-in body." This witness, on cross-examination, testified: "I was the first one that went to the scene of the accident. * * * I couldn't say whether the rear wheels were up on the curb of the street that night; but that was the usual procedure. I had seen the truck parked there before and had seen it parked in the

past in this manner. I don't particularly recall that particular night. * * * There were no cars parked on the east side of Kornegay Street south of the truck to Mulberry Street. * * * To my knowledge there has never been a sign on the east side prohibiting parking. * * *." In response to a question whether the truck had reflectors on the rear of it, the witness said: "I don't remember about that."

The plaintiff introduced in evidence an ordinance of the City of Goldsboro prohibiting the parking of trucks on the public streets in residential sections of the City of Goldsboro, except for the purpose of travel and transportation, loading and unloading passengers and freight, and except for temporary parking in case of emergency involving a mechanical breakdown necessitating repairs to any such vehicle.

The evidence further establishes the fact that Kornegay Street is a hard surface street approximately 21 feet in width and 432 feet in length from the northern line of Mulberry Street to the southern line of Ashe Street; that signs are posted prohibiting the parking of vehicles on the west side of Kornegay Street and that the Street is in a residential area of the City of Goldsboro and is not a part of the State Highway system; that defendant Warrick's property on Kornegay Stret is 243.5 feet north of the northern line of Mulberry Street.

At the close of plaintiff's evidence the defendants' motion for judgment as of nonsuit was allowed and judgment was entered dismissing the action. Plaintiff appeals, assigning error.

*J. Faison Thomson, Jr.; Jones, Reed & Griffin for plaintiff appellant.*

*Taylor, Allen & Warren; John H. Kerr, III, for defendants appellee.*

DENNY, C.J. The plaintiff's action is based solely and exclusively on the alleged negligence of defendant Warrick in parking the truck of the corporate defendant on a residential street in the City of Goldsboro in violation of an ordinance of said City and the provisions of G.S. 20-129.1, G.S. 20-134 and G.S. 20-161.

There is no affirmative evidence tending to show that the truck of the corporate defendant did not have reflectors on the rear thereof, as required by G.S. 20-129.1 (a), or that the truck was not otherwise equipped as required by said statute.

G.S. 20-134 provides: "Whenever a vehicle is parked or stopped upon a highway, whether attended or unattended during the times mentioned in section 20-129, there shall be displayed upon such vehicle one or more lamps projecting a white or amber light visible under normal atmospheric conditions from a distance of five hundred

feet to the front of such vehicle, and projecting a red light under like conditions from a distance of five hundred feet to the rear * * *." This section is inapplicable to a motor vehicle parked in a residential district in a city or town on a street which constitutes no part of the highway system. Neither do the provisions of G.S. 20-161 apply to parking in such districts. According to the stipulations entered into in the trial below, Kornegay Street does not constitute any part of the highway system.

Therefore, as we construe the pleadings in this case, the question for determination is simply this: Was the parking of the corporate defendant's truck on a residential street in violation of an ordinance of the City of Goldsboro, a proximate cause or one of the proximate causes of plaintiff's injuries?

It is said in Blashfield, Cyclopedia of Automobile Law and Practice, Vol. 4, Part 2, Permanent Edition, Section 2591, page 79, et seq.: "Under the rules stated in the foregoing sections, violations of traffic regulations create liability for injuries proximately caused thereby, but the fact that, while the driver of a motor vehicle is violating a statute or ordinance relating to the rules of the road or use of the street by motor vehicles, injuries are inflicted or sustained, does not create cause of action for the injuries inflicted, * * * unless such violation was the proximate cause of the injury," citing Holland v. Strader, 216 N.C. 436, 5 S.E. 2d 311; Morgan v. Carolina Coach Co., 225 N.C. 668, 36 S.E. 2d 263; Ervin v. Cannon Mills, 233 N.C. 415, 64 S.E. 2d 431.

It is further said in this section: "Whether a violation of an ordinance or statute is regarded as negligence per se is immaterial in the application of the above rule, as there is the same necessity for the application of the doctrine of proximate cause in an action based on the violation of a statute or ordinance as in the ordinary negligence case, and the rules for determining proximate cause are the same on the issues of negligence at common law and of negligence as the result of failure to observe a statutory duty," citing Taylor v. Stewart, 172 N.C. 203, 90 S.E. 134; Beaman v. Duncan, 228 N.C. 600, 46 S.E. 2d 707; Simmons v. Rogers, 247 N.C. 340, 100 S.E. 2d 849.

In Carrigan v. Dover, 251 N.C. 97, 110 S.E. 2d 825, this Court pointed out that even though the violation of an ordinance be negligence per se, it must be the proximate cause or one of the proximate causes of the injury in order to be actionable.

The rule is stated concisely in 5A Am. Jur., Automobiles and Highway Traffic, Section 403, at page 480: "In order to predicate liability on the ground of negligence in parking in violation of a statute or traffic regulation, that negligence must have been a proximate cause."

In the case of *Ham v. Fuel Co.,* 204 N.C. 614, 169 S.E. 180, wherein the defendant violated ordinances of the City of Greensboro by: (1) driving an ice truck without a license; (2) parking the truck at an angle rather than exactly parallel; and (3) backing away from the curb rather than moving forward, this Court said: "All of the decisions of this State since *Ledbetter v. English,* 166 N.C. 125, 81 S.E. 1066, concur in the view that the violation of an ordinance or of a statute designed for the protection of life and limb, is negligence *per se.* Notwithstanding, the same decisions do not permit recovery for the mere violation of the statute, unless there was a causal relation between the violation and the injury."

It is alleged in plaintiff's complaint that the defendant Warrick, agent, servant and employee of the corporate defendant, carelessly, negligently, and unlawfully parked the corporate defendant's truck upon a paved street a distance from the edge of the pavement in violation of the General Statutes of North Carolina and in violation of the ordinances of the City of Goldsboro. However, the plaintiff introduced in evidence a portion of paragraph 5 of the defendants' answer, as follows: "It is admitted that when the motor scooter on which the plaintiff was riding reached a point on said Kornegay Street in front of the home of Claudie Warrick it collided with a motor truck owned by the defendant Goldsboro Iron & Metal Company, which at the time was parked on the extreme right-hand side of the street with its right rear wheel resting on the curb of the sidewalk."

The plaintiff having introduced the above portion of defendants' answer in evidence, he is bound thereby with respect to the manner in which the truck involved was parked. *Meece v. Dickson,* 252 N.C. 300, 113 S.E. 2d 578.

The evidence in this case is to the effect that it was customary to park cars on the east side of Kornegay Street both in the daytime and at night. Furthermore, plaintiff testified that he was familiar with this practice.

There is a vast difference in leaving an unlighted vehicle parked on the traveled portion of a highway and in parking on a street in a residential area where vehicles are customarily parked. In our opinion, the plaintiff's evidence fails to show that the parking of the corporate defendant's truck on Kornegay Street was the proximate cause or a proximate cause of the plaintiff's injury, and we so hold.

On the other hand, if it be conceded that defendant Warrick was guilty of negligence in parking the corporate defendant's truck on Kornegay Street in violation of the pleaded ordinance of the City of Goldsboro prohibiting such parking in the residential areas of Goldsboro, nevertheless the contributory negligence of the plaintiff is mani-

fest from his own testimony. *McKinnon v. Motor Lines*, 228 N.C. 132, 44 S.E. 2d 735.

In the last cited case Robert H. McKinnon testified that he ran in a "blinded area" for two or three seconds, at a speed of 35 miles an hour and for a distance of 100 feet — other witnesses put it at 100 yards or 400 feet — when he was completely blinded by the lights of approaching cars and could see nothing in front of him except the right-hand edge of the road. While he was so blinded he ran into the rear of a slowly moving or stalled truck which was being operated without rear lamps as required by G.S. 20-129. On this evidence *Stacy*, C.J., speaking for the Court, said: "Both his vision and his prevision seem to have failed him at one and the same time. Such is the stuff of which wrecks are made. The conclusion seems inescapable that the driver of the McKinnon car omitted to exercise reasonable care for his own and his companion's safety, which perforce contributed to the catastrophe. This defeats recovery * * *."

If the plaintiff herein was within 200 feet of the parked truck before the car turned into Kornegay Street, according to plaintiff's own testimony, he could have seen the parked truck. If, however, he was more than 200 feet from the parked truck when he was blinded by the lights of the approaching car, then he traveled more than 200 feet while blinded when he could not and did not see the parked truck, according to his testimony, but "a split second" before he hit it, just as the approaching car passed him. *Pike v. Seymour*, 222 N.C. 42, 21 S.E. 2d 884; *McKinnon v. Motor Lines, supra; Bus Co. v. Products Co.*, 229 N.C. 352, 49 S.E. 2d 623; *Morris v. Transportation Co.*, 235 N.C. 568, 70 S.E. 2d 845; *Morgan v. Cook*, 236 N.C. 477, 73 S.E. 2d 296.

The judgment of the court below in granting defendants' motion for judgment as of nonsuit will be upheld.

Affirmed.