## 47333. HAAG v. STONE.

STOLZ, Judge. Desiree Haag, by next friend, George M. Haag, brought suit in the Superior Court of Cobb County against Adrian Stone for injuries sustained as the result of a fall from a horse while a social guest on the defendant's premises. The defendant's motion for summary judgment was sustained. The appeal of that judgment brings the case to this court.

The affidavits and answers to interrogatories show that on September 2, 1964, the plaintiff, a 9-year-old girl, was a social guest at the defendant's home. Several small children, including the defendant's 11-year-old daughter, Katey, were in a corral on the defendant's premises. Katey Stone rode the horse, without saddle but with reins and bit, around the corral several times. Subse-

quently, the plaintiff asked to ride the horse. After she rode around the corral one or two times, the horse veered from the path around the corral onto a path which led between two tall, thin trees. As the horse passed between the trees, the plaintiff was struck by a wire (rope) which had been strung between the trees, knocked from the horse, and sustained the injuries sued for.

The evidence showed that the plaintiff had no previous riding experience; that the horse was gentle; that the defendant was not at home when the accident occurred; that the defendant's wife was in the house but not by the corral at the time of the accident. The record does not show the ages of the other children present; who placed the wire (rope) between the trees; whether the horse had ever veered between the trees before; and how far down the path the two trees were. *Held:*

The plaintiff was a social guest on the defendant's premises and as such occupied the status of a licensee. *Laurens v. Rush,* 116 Ga. App. 65 (156 SE2d 482).

The owner of property owes a duty not to wilfully or wantonly injure a licensee (*Code* § 105-402) and must exercise ordinary care and diligence to prevent injury after his (her) presence is known or reasonably should be anticipated. *Whittle v. Johnston,* 124 Ga. App. 785 (186 SE2d 129) and cit. "'A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if, (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and (c) the licensees do not know or have reason to know of the condition and the risk involved. Comment: a. The words "the risk" denote not only the existence of a risk, but also its extent. Thus "knowledge" of the risk involved in a particular condition implies not only that the condition

is recognized as dangerous, but also that the chance of harm and the gravity of the threatened harm are appreciated.'" *Patterson v. Thomas,* 118 Ga. App. 326, 328 (163 SE2d 331) and cit.

On motion for summary judgment the burden is on the moving party to establish the lack of a genuine issue of fact and the right to judgment *as a matter of law,* and *any doubt* as to the issue is resolved against the movant. The opposing party is given the benefit of all favorable inferences that may be drawn from the evidence. *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442) and cit. "The evidence must be construed most favorably to the party opposing the motion . . . for summary judgment . . . Where more than one inference can be drawn from the evidence, the duty of solving the mystery should be placed upon the jury and not the trial judge." *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178, 179 (129 SE2d 408) and cit.

Accordingly, construing the evidence most favorably toward the plaintiff, we believe that issues of fact are presented which are best solved by the jury.

*Judgment reversed. Bell, C. J., and Evans, J., concur.*
ARGUED JULY 5, 1972—DECIDED SEPTEMBER 12, 1972— REHEARING DENIED OCTOBER 4, 1972—

*Levine, D'Alessio & Cohn, Morton P. Levine, Tom E. Raines,* for appellant.

*Long, Weinberg, Ansley & Wheeler, Palmer H. Ansley,* for appellee.