WILLIAM H. MINGO v. LESTER B. TAYLOR AND ANNEY BELL TAYLOR

No. 7326SC578

(Filed 9 January 1974)

Automobiles § 56— striking unlighted parked car — sufficiency of evidence of negligence

Plaintiff's evidence was sufficient to be submitted to the jury on the issue of defendant's negligence where it tended to show that as defendant started up a hill he was blinded by the lights of an oncoming car which was then starting down the hill some 350 feet away, that just after the approaching car had passed, when defendant was approximately halfway up the hill, defendant collided with an unlighted vehicle parked partially on the pavement, and that defendant was traveling 30 to 35 mph and did not apply brakes before the collision, since the jury could have disbelieved testimony by defendant, who was called as a witness by plaintiff, that he was blinded, it could have determined that defendant should have seen the parked car even though it might have been improperly parked, or it could have found that defendant should not have continued at the same speed upon being blinded.

APPEAL by plaintiff from *Snepp, Judge,* 19 March 1973 Session of Superior Court held in MECKLENBURG County.

In this action plaintiff alleges that defendants' negligence was the cause of an automobile accident which resulted in injury to plaintiff.

The accident occurred on Honeywood Avenue, a straight but hilly street in Charlotte. Called as a witness by plaintiff, Lester B. Taylor, defendant, testified that on 18 April 1970 he was driving an automobile owned by his mother and codefendant, Anney Bell Taylor, in which plaintiff was a passenger and that he collided with a car parked on the right side of the street. He described the facts and circumstances surrounding the accident as follows. Defendant was proceeding from a stop sign at the intersection of Kentucky and Honeywood Avenues down a slight incline on Honeywood. As he reached the bottom of this incline and started up another, defendant was blinded by the lights of an oncoming vehicle which was just starting down the hill. He "got as far as [he] could on [his] right without getting off the pavement until [he] gave him as much room" as the approaching driver needed to avoid an accident. Seconds later, but after the approaching car had passed, when he was approximately half way up the hill, defendant collided with a parked car which he had not seen any time prior to the accident. The parked car was partially situated on the pavement on the right side of the road. The distance from the stop sign to the bottom of the first hill was estimated by a surveyor to be 440 feet, and that from the base of the incline to the top of the adjacent hill, to be about 480 feet, although the line of sight was between 350 and 380 feet. Defendant estimated that the approaching car was 350 to 360 feet away when it blinded him. The headlights of defendant's car were on, functioning properly, and enabled defendant to differentiate between a man and a woman 300 to 400 feet away, assuming the woman was wearing a dress. On the night of the accident, the weather was clear and dry. No low hanging branches or anything else obstructed defendant's view down Honeywood Avenue. Defendant was traveling between 30 and 35 miles per hour and did not apply brakes prior to the collision.

Plaintiff testified that although he was riding in the front seat of the car, he "was not watching the road" at the time of the accident, because he "went down to get a cigarette." He also offered evidence on the nature and extent of the injuries sustained as a result of the accident.

At the close of plaintiff's evidence, defendants' motion for a directed verdict pursuant to Rule 50(a) was allowed. Plaintiff appealed.

*Hicks & Harris by Richard F. Harris III, for plaintiff appellant.*

*Wade and Carmichael by R. C. Carmichael, Jr., for defendant appellees.*

VAUGHN, Judge.

Plaintiff contends that the Court erred in granting defendants' motion for a directed verdict. This contention has merit. The question presented by defendants' motion is whether when considered in the light most favorable to plaintiff, the evidence is sufficient for submission to the jury. *Kelly v. International Harvester Co.,* 278 N.C. 153, 179 S.E. 2d 396; *Sink v. Sink,* 11 N.C. App. 549, 181 S.E. 2d 721. Our conclusion that plaintiff's evidence was sufficent to withstand defendants' motion is supported by the opinions in *McKinnon v. Motor Lines,* 228 N.C. 132, 44 S.E. 2d 735 and *Smith v. Metal Co.,* 257 N.C. 143, 125 S.E. 2d 377. In *McKinnon,* plaintiff drove his automobile into the back of a slow-moving or stalled truck operated by defendant's employer. It was dark and the truck displayed no rear lights. Plaintiff asserted that he had been blinded by oncoming lights, could only see the right edge of the road, and did not see the truck prior to the accident. The evidence indicated that plaintiff traveled a minimum of 100 feet during a period of several seconds while blinded. The Court observed that while it conceded defendants were negligent, there was also evidence of plaintiff's contributory negligence. Referring to plaintiff, the Court stated that "[b]oth his vision and his prevision seem to have failed him at one and the same time. Such is the stuff of which wrecks are made. The conclusion seems inescapable that the driver of the McKinnon car omitted to exercise reasonable care for his own and his companion's safety . . . . " In *Smith,* plaintiff was also blinded by the lights of an approaching vehicle and drove into an unlighted parked truck. Plaintiff drove 243.5 feet while blinded, and the range of his headlights was about 200 feet. In finding plaintiff contributorily negligent, the Court reasoned that either plaintiff was within 200 feet (the range of his vision) of the parked vehicle when blinded, in which case he should have seen the truck, or else he was

more than 200 feet away when blinded and thus traveled over 200 feet while blinded.

In the present case, the evidence would permit, but not compel, several possible findings by the jury. The jury could have disbelieved defendant's testimony that he was blinded. It could have determined that defendant should have seen the parked car, even though it might have been improperly parked. It could have found that upon being blinded, defendant should not have attempted to continue traveling at the same rate of speed. It was for the jury to determine whether defendant had exercised reasonable care under the circumstances.

Citing *Keener v. Beal,* 246 N.C. 247, 98 S.E. 2d 19, defendants contend that a driver should not be required to anticipate that an unlighted vehicle will be parked in the roadway. The law, however, "charges a nocturnal motorist, as it does every other person, with a duty of exercising ordinary care for his own safety." *Keener v. Beal, supra,* citing *Chaffin v. Brame,* 233 N.C. 377, 64 S.E. 2d 276. Assuming that a vehicle was improperly parked, *Beal* and similar cases do not absolve other drivers of the duty to keep a "lookout." While operating an automobile, driver must endeavor to become aware of any obstructions in his direction of travel and is deemed to have seen that which through the exercise of due care he ought to have seen. *Keener v. Beal, supra; Chaffin v. Brame, supra; Wall v. Bain,* 222 N.C. 375, 23 S.E. 2d 330.

The judgment granting defendants' motion for directed verdict is

Reversed.

