## Richmond

### WILLIAM LAWRENCE REAGAN, AN INFANT, ETC., ET AL. v. FRANCES PEREZ.

December 2, 1974.

Record No. 730918.

Present, All the Justices.

*Edward A. Marks, Jr.; Albert M. Orgain, IV (Frank H. Pitchford; Sands, Anderson, Marks & Clarke*, on brief), for plaintiffs in error.

*Phillips M. Dowding (Dowding & Thomas*, on brief), for defendant in error.

*Per Curiam.*

In this negligence case, the infant plaintiff, William Lawrence Reagan, and his father, Vincent J. Reagan, filed separate motions for judgment seeking to recover damages for personal injuries sustained by the infant plaintiff upon premises owned by the defendant, Frances Perez. The two actions were consolidated and tried before a jury. At the conclusion of the plaintiffs' case, the trial court struck their evidence and entered summary judgment for the defendant. The sole question on appeal is whether the trial court erred in striking the plaintiffs' evidence.

The record shows that on July 4, 1971, the infant plaintiff, then 13 years of age, attended a birthday party at the home of the defendant. During the course of the party, a number of children gathered in the back yard and took turns swinging in a hammock which was attached at one end to a tree and at the other to a brick chimney. While the infant plaintiff and a girl

were swinging in the hammock, the chimney fell. The falling debris injured the infant plaintiff.

The chimney had been part of a two-car garage formerly standing on the defendant's premises. Shortly before the birthday party, the garage had been torn down because it was "ready to fall." The chimney, however, was left standing because the defendant planned "to build back" the garage. The chimney is described in the record only as an unsupported "20-inch square brick flue . . . approximately 16 feet high."

We consider this case on appeal according to the theory upon which it was tried in the trial court — that the infant plaintiff was a social guest, or licensee, upon the premises of the defendant. Faced with the general rule that a landowner is liable to a social guest only for wilful or wanton injury, the plaintiffs relied in the trial court, as they rely here, upon certain exceptions to the general rule.

These exceptions permit recovery upon a showing of less than wilful or wanton injury: (1) where a social guest is injured by the active or affirmative negligence of the landowner (*Bradshaw* v. *Minter*, 206 Va. 450, 143 S.E.2d 827 (1965); *Limberg* v. *Lent*, 206 Va. 425, 143 S.E.2d 872 (1965)); and (2) where a social guest, unaware of any danger, is injured when the landowner knows or has reason to know of a condition of his premises, should realize that it involves an unreasonable risk of harm to the guest, should expect that the guest will not discover or realize the danger, and fails to exercise reasonable care to make the condition safe or fails to warn of the condition and the risk involved (*Busch* v. *Gaglio*, 207 Va. 343, 150 S.E.2d 110 (1966)).

The plaintiffs concede that "separately, the hammock and the chimney were each apparently harmless objects." The plaintiffs contend, however, that the act of the defendant in attaching the hammock to the chimney, while not wilful or wanton, was actionable negligence within the meaning of either of the exceptions previously outlined.

The difficulty with the plaintiffs' contention is that there is not one word in the record relating to the previous condition of the chimney or to what caused the structure to fall. To adopt the plaintiffs' contention, we would have to accept their basic proposition that it was negligence, in and of itself, to attach the hammock to the chimney. To accept that proposition would

require application of the doctrine of *res ipsa loquitur*, a doctrine the plaintiffs specifically disclaim in this case.

Absent a showing of the previous defective condition of the chimney, or a showing that an "apparently harmless" similar structure is likely to fall when subjected to the weight of children in an attached hammock, the jury would have been left to speculate upon the cause of the chimney's collapse and to surmise the defendant's negligence. Such matters cannot be left to speculation and surmise. It was not error, therefore, for the trial court to strike the plaintiffs' evidence. Accordingly, the judgment appealed from will be affirmed.

*Affirmed.*