GEORGE EDWARD KELLY AND RUFUS HAMILTON KELLY v. MARY LEE BRILES AND RUTH ADDISON BRILES, INDIVIDUALLY AND AS EXECUTORS OF THE ESTATE OF BERTIE WALLACE BRILES

No. 7718SC237

(Filed 4 April 1978)

1. **Mines and Minerals § 2— failure to fence mine openings—intentional entry—no recovery for injury**

   Plaintiffs' complaint failed to state a cause of action based on G.S. 74-4 and G.S. 74-13 making it a criminal offense to fail to fence the opening of mines to prevent inadvertent entrance into them, since plaintiffs' complaint demonstrated that the minor plaintiff's entry into defendants' mine was intentional rather than inadvertent; there was no statutory duty placed upon de-

fendants to fence the mines so securely that even an intentional entry would be impossible; and, even if violation of the safety statute was negligence, plaintiffs could not recover because they could not show that failure to fence so as to prevent inadvertent entry was the proximate cause of an injury resulting from an intentional entry.

2. **Mines and Minerals § 2; Negligence § 59.2— licensee in mine—duty to refrain from wilful and wanton negligence—complaint insufficient to state claim**

Where plaintiffs' complaint alleged that people frequently visited mines on defendants' property and that defendants were aware of such use, but there was no evidence that defendants derived any benefits from such visits, the minor plaintiff who entered one of defendants' mines was a licensee to whom defendants owed only the duty to refrain from wilful and wanton negligence and from the commission of any act which would increase the hazard. Plaintiffs' complaint was insufficient to state a claim for negligence where there was no allegation of wilful and wanton negligence.

APPEAL by plaintiffs from *Walker, Judge.* Order granting motion to dismiss issued 18 January 1977 in Superior Court, GUILFORD County. Heard in the Court of Appeals 19 January 1978.

Plaintiffs filed the complaint in this action 11 October 1976. Service upon the defendants was effected 13 October 1976. Plaintiffs' complaint included the allegations set out below which must be taken as true in ruling on a Rule 12(b)(6) motion.

On 12 October 1973, defendants owned certain property in Randolph County known as the Hoover Hill Gold Mining Land. Located on this property are abandoned gold mines. There are no barricades or fences blocking the entrance to the mines. The mines and mine shafts were in such condition that they could collapse at any time. Defendants had actual or constructive notice that the mines were "ultra hazardous" and in that dangerous condition. For many years, the mines had been a place of interest frequented by persons of all ages. Visitors explored the property and mines as if the land were a public park or tourist attraction. These persons frequenting the mines were unaware of the dangerous condition. Defendants were aware that the mines were being so used. Defendants were also aware that these persons were unaware of the dangerous condition of the mines. As plaintiff George Edward Kelly was entering one of the mines to explore it, a portion of the wall collapsed, and he was permanently injured.

Plaintiff, George Edward Kelly, joined by his father, Rufus Hamilton Kelly, filed suit against the defendants (landowners) seeking to recover both compensatory and punitive damages. Pursuant to Rule 12(b)(6) of the Rules of Civil Procedure, defendants moved for a dismissal for failure to state a claim upon which relief can be granted. Defendants argued that plaintiffs' complaint in no manner alleged any possible legal duty and that the complaint revealed, as to plaintiff George Edward Kelly, contributory negligence as a matter of law. Considering the complaint only, the trial court granted defendants' motion and entered an order dismissing the action. Plaintiffs appealed from that order of dismissal.

*Schoch, Schoch and Schoch, by Arch Schoch, Jr., for plaintiff appellants.*

*Douglas, Ravenel, Hardy, Crihfield & Bullock, by Frank W. Bullock, Jr., for defendant appellees.*

MORRIS, Judge.

Plaintiffs' complaint should be dismissed under Rule 12(b)(6) only if "it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." (Emphasis deleted.) *Sutton v. Duke*, 277 N.C. 94, 103, 176 S.E. 2d 161, 166 (1970), *quoting* 2A Moore's Federal Practice (2d ed. 1968), § 12.08. We now review the complaint in this action in light of the requirements of *Sutton v. Duke* to determine whether it states a cause of action under G.S. 74-13 (now repealed) and, if not, whether it states a cause of action on the basis of negligence.

[1] Plaintiff has relied in part upon former G.S. 74-4 and G.S. 74-13 to state a claim. G.S. 74-4 was a statute enacted to protect the public health and safety. It provided that "[a]ll underground entrances to any place not in actual course of working or extension shall be properly fenced across the whole width of such entrance so as to prevent persons from inadvertently entering the same." G.S. 74-4. A subsequent section of the act imposes criminal penalties for a violation of the statute. G.S. 74-13, furthermore, created a cause of action for a person injured by a mineowner's willful failure to comply with G.S. 74-4. These statutes, although

now repealed, were in effect at the time of the occurrence alleged in the complaint.

G.S. 74-4 requires that the openings of mines "be properly fenced . . . *to prevent persons from inadvertently entering the same.*" (Emphasis added.) Plaintiffs' complaint alleges that plaintiff "*decided to explore* one of the mines" (emphasis added), and "*was climbing in* one of the mines" (emphasis added) when he was injured. Sound statutory construction requires that the plain meaning of the word "inadvertently" be used. Webster's Third New International Dictionary (1968) in its definition of "inadvertent" suggests four synonyms: heedless, negligent, inattentive, and unintentional. When the plain meaning of "inadvertently" is used, it becomes obvious that the purpose of the requirement of G.S. 74-4 was to prevent persons from accidentally falling into abandoned mines. In this case, the plaintiff intentionally climbed into the mine.

There was no statutory duty to fence or barricade the mines so securely that even an intentional entry would be impossible. The statute only imposed the duty to fence or barricade "so as to prevent persons from inadvertently entering the same." Because the cause of action purportedly stated in plaintiffs' complaint necessitates a duty to fence so as to prevent intentional entry, plaintiff cannot rely upon G.S. 74-4 and 13.

In addition, the North Carolina Courts have repeatedly said that even though violation of a health or safety statute is negligence, there will be liability only if the violation is the proximate cause or one of the proximate causes of the injury. *See, e.g., Bell v. Page*, 271 N.C. 396, 156 S.E. 2d 711 (1967); *Smith v. Metal Co.*, 257 N.C. 143, 125 S.E. 2d 377 (1962). It seems apparent that under no state of facts could the failure to fence so as to prevent inadvertent entry be the proximate cause of an injury resulting from an intentional entry. We are of the opinion that plaintiffs' cause of action, if any, does not come within the purview of the statutes upon which they rely.

[2] We now determine whether plaintiffs' complaint states a claim under a negligence theory. The complaint alleges that persons frequently visited the mines and that defendants were well aware of that use, but the complaint alleges no benefit to the defendants from the visits. Under these facts, the plaintiff clearly

was not an invitee when he entered the mine but would occupy the status of a licensee when he entered the mine since the open use by the public implies an invitation. *See generally Hood v. Coach Co.*, 249 N.C. 534, 107 S.E. 2d 154 (1959).

The duties of a landowner to a licensee are substantially the same as to a trespasser. *Wagoner v. R.R.*, 238 N.C. 162, 77 S.E. 2d 701 (1953). However, even though one is only a licensee, the landowner cannot, while the licensee is on the premises, increase the hazard through active and affirmative negligence in the operation or management of his property. *Wagoner v. R.R., supra; Jones v. R.R.*, 199 N.C. 1, 153 S.E. 637 (1930); *Batts v. Telephone Co.*, 186 N.C. 120, 48 S.E. 893 (1923). Furthermore, a landowner will be liable to a licensee for injury caused by willful or wanton conduct. *Haddock v. Lassiter*, 8 N.C. App. 243, 174 S.E. 2d 50 (1970).

"The duty an owner owes a licensee is described in detail in *Dunn v. Bomberger*, 213 N.C. 172, 195 S.E. 364:

'As plaintiff's intestate was a licensee, defendant did not owe him the duty to keep his premises in a reasonably safe condition. The only duty resting upon the defendant was to refrain from willful or wanton negligence and from the commission of any act which would increase the hazard. The owner of land is not required to keep his premises in a suitable or safe condition for those who come there solely as licensees and who are not either expressly invited to enter or induced to come upon them for the purpose for which the premises are appropriated and occupied. In authoritative decisions of this and other jurisdictions the degree of care to be exercised by the owner of premises toward a person coming upon the premises as a bare or permissive licensee for his own convenience is to refrain from willful or wanton negligence and from doing any act which increases the hazard to the licensee while he is upon the premises. The owner is not liable for injuries resulting to a licensee from defects, obstacles or pitfalls upon the premises unless the owner is affirmatively and actively negligent in respect to such defect, obstacle or pitfall while the licensee is upon his premises, resulting in increased hazard and danger to the licensee. *Brigman v.*

*Construction Co.*, 192 N.C., 791, and cases there cited. The *Brigman* case is reported and annotated in 49 A.L.R., 773.'" *Clarke v. Kerchner*, 11 N.C. App. 454, 460, 181 S.E. 2d 787, 791 (1971), *cert. den.* 279 N.C. 393 (1971).

Most jurisdictions now impose a duty upon the landowner to warn licensees of hidden dangers known to the landowner. *See, e.g., Holcombe v. Buckland*, 130 F. 2d 544 (4th Cir. 1942); The Friendship II, 113 F. 2d 105 (5th Cir. 1940), *rev'd on other grounds* 312 U.S. 383, 61 S.Ct. 687, 85 L.Ed. 903 (1941); *Haag v. Stone*, 127 Ga. App. 235, 193 S.E. 2d 62 (1972); *Recreation Centre Corporation v. Zimmerman*, 172 Md. 309, 191 Atl. 233 (1937); *Malmquist v. Leeds*, 245 Minn. 130, 71 N.W. 2d 863 (1955); *Reagan v. Perez*, 215 Va. 325, 209 S.E. 2d 901 (1974). *But see, e.g., Louisville & Nashville Railroad Company v. Hobbs*, 155 Ky. 130, 159 S.W. 682 (1913); *Reardon v. Thompson*, 149 Mass. 267, 21 N.E. 369 (1889). *See also* Restatement (Second) of Torts, §§ 335 and 342 (1964); Annot., 55 A.L.R. 2d 525 (1957). The requirements of the Restatement (Second) of Torts impose an even more stringent duty upon the landowner to inspect the premises for potential danger to licensees. North Carolina, however, retains the rule that "the licensee who enters on premises by permission only goes there at his own risk and enjoys the license subject to its concomitant perils," *Pafford v. Construction Co.*, 217 N.C. 730, 737, 9 S.E. 2d 408 (1940), with the landowner being assessed for liability only for willful or wanton negligence, and the commission of any act which would increase the hazard to the licensee while he is upon the premises. *Clarke v. Kerchner*, supra. It is not within our province to apply a different rule.

The complaint in this action does not allege willful and wanton negligence, nor do the plaintiffs seriously contend that it does.

For the reasons stated herein, the judgment of the trial tribunal must be

Affirmed.

Judges CLARK and MITCHELL concur.