54 F.3d 773
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 ALBA L. GARCIA, Plaintiff-Appellant,
v.
Carlos A. COLON; Martha L. Colon, Defendants-Appellees.
 No. 94-1274.
 United States Court of Appeals, Fourth Circuit.
 Argued: April 5, 1995.
Decided: May 18, 1995.
 
 ARGUED: Elwood Earl Sanders, Jr., Woodbridge, VA, for Appellant. Edwin Cicero Brown, Jr., Brown, Brown & Watkins, Alexandria, VA, for Appellees.
 Before WIDENER and MICHAEL, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 On July 25, 1992, appellant Alba L. Garcia ("Garcia") was a social guest at the home of her daughter, appellee Martha Colon, and her son-in-law, appellee Carlos Colon ("Colon"). The carpet on one of the steps in the Colon home was loose. Carlos Colon had known that the carpet was loose for approximately one year prior to Garcia's visit, but he had not repaired it. Colon did not warn Garcia about the loose carpet. Garcia injured herself when she fell on the step.
 
 
 2
 Garcia brought an action against the Colons in the Eastern District of Virginia alleging negligence. The case went to trial, and the jury found for the defendants. Garcia appeals the district court's denial of her motion for judgment as a matter of law both before the case was given to the jury and after the verdict. We affirm the district court.
 
 
 3
 The standard of review for a district court's denial of a motion for judgment as a matter of law is de novo. Malone v. Microdyne Corp., 26 F.3d 471, 475 (4th Cir.1994); O'Neal v. Celanese Corp., 10 F.3d 249, 250 (4th Cir.1993). The court must view the evidence in the light most favorable to the moving party. O'Neal, 10 F.3d at 250.
 
 
 4
 Under Virginia law, a landowner is liable for injuries of a social guest only to the extent that the injuries are willful or wanton. Reagan v. Perez, 209 S.E.2d 901, 902 (Va.1974). There are two exceptions to this rule:
 
 
 5
 (1) where a social guest is injured by the active or affirmative negligence of the landowner; and (2) where a social guest, unaware of any danger, is injured when the landowner knows or has reason to know of a condition of his premises, should realize that it involves an unreasonable risk of harm to the guest, should expect that the guest will not discover or realize the danger, and fails to exercise reasonable care to make the condition safe or fails to warn of the condition and the risk involved.
 
 
 6
 Id. (citations omitted).
 
 
 7
 The appellant contends that Colon admitted in his deposition, which was read into the record at trial, facts sufficient for liability to attach under the second Reagan exception, and that he offered no testimony at trial to explain his deposition testimony. Colon admitted the following in his deposition: 1) Garcia was a social guest; 2) Garcia was injured on the stairs; 3) Colon did not warn Garcia of the danger, and an observer could not have seen that the carpet was loose; and 4) Colon knew that the rug was loose and that someone could slip on it but had not repaired it.
 
 
 8
 Garcia argues that because Colon admitted these facts and did not explain or contradict them at trial, he admitted liability, and the district court should have granted a motion for judgment as a matter of law. We find, however, that there remained a jury question concerning whether the condition involved an unreasonable risk of harm to the guest, and the jury decided this question against the appellant. There was sufficient evidence to support the jury's finding. Therefore, the decision of the district court is
 
 
 9
 AFFIRMED.